## LEWIS FOX *vs.* ROBERT C. NARAMORE AND OTHERS.

The statute (Gen Stat., tit. 1, sec. 65,) provides that any number of persons associated as a voluntary association, not having corporate powers, but having some distinguishing name, may be sued by the name by which the association is known. Held that a military company formed by voluntary enlistment under the laws of the state and known as "Co. G, Second Regiment, Connecticut National Guard," was a voluntary association under the statute and might be sued by that name.

Where such a company had occupied certain leased premises as an armory and the commanding officer had received from the state a sum of money for the purpose of paying the rent of the premises so occupied, which money had not been paid to the lessor but had been applied for the benefit of the company in another manner, it was held that the company was liable to the lessor in an action for money had and received, for the money so received by the commanding officer.

Such a company may be liable for the rent of premises hired in their behalf where the contract is expressly or impliedly authorized by them.

Assumpsit for use and occupation of leased premises and for money had and received, brought to the court of common pleas for the county of New Haven and tried before *Bronson*, *J.* The defendants were described as " Robert C. Naramore, Joseph Tomlinson, and others associated with them under the name of Co. G, Second Regiment, Connecticut National Guard, an association duly organized under the statute of this state entitled an act for forming and conducting the military force." The defendants pleaded the general issue, with notice, which was closed to the court.

Upon the trial it was proved and found by the court that the defendants were a military company, regularly formed under the laws of this state for forming and conducting the military force, and that Company G was a part of the 2d Regiment, Connecticut National Guard, and was located in the town of Derby, in New Haven county.

That on the 23d of November, 1864, the company entered into the premises of the plaintiff, in Derby, for the use and occupation of which the plaintiff seeks to recover in this suit, under an indenture of lease, made on that day between the plaintiff and one J. M. Goulding, then a member of the company, and its commanding officer, the said Goulding being described in the lease as the commanding officer of the company and signing the lease in that character; by which lease the premises were " to be used and occupied by said J. M. Goulding and his company, as a drill-room, and place to preserve the arms and equipments of said company ;" the provision with regard to the payment of the rent being as follows : " that the said J. M. Goulding shall pay to the said Lewis Fox the sum of one hundred and fifty dollars per year rent ; said rent to be paid yearly, on the first day of October ; said year to commence on the first day of October, 1864, and to expire October 1st, 1865."

That the lease was made with the sanction of the state, and that the company used the premises as an armory and drill-room, under the lease, till the first day of October, 1865. That after the first day of October, 1865, no lease or agreement, or arrangement about the leasing of the premises, was

made; but the defendants continued to use the same for an armory and drill-room; and the commanding officer of the company when the rent became due, drew the same from the state, and paid it over to the plaintiff without any agreement of any kind.

That the state furnished to the commanding officer of the company money to pay for the use of the premises for the year ending October 1st, 1866, and that the money was applied in payment therefor.

That some time in the year 1865 one Thomas S. Gilbert succeeded the said J. M. Goulding as commanding officer of the company, and that in the month of December, 1865, the said Gilbert was succeeded in the command by one Austin P. Kirkham, who continued in command of the company until about the first day of January, 1867. That no lease, or contract of any kind, after the expiration of the written lease, was ever made concerning the use of the premises by the company, but the company continued to use the same as before; the commanding officer thereof receiving from the state, and paying for such use, the sum of one hundred and fifty dollars per year.

That on the 30th day of September, 1866, the said Austin P. Kirkham, then a member of the company, and commanding officer thereof, addressed a letter to the plaintiff in New York city, in which he said that, in order to occupy his hall as an armory another year, it would be necessary for the plaintiff to give consent in writing, and asked an immediate reply; to which letter the plaintiff replied that he would lease the premises for the use of the company, from the 1st day of October, 1866, to the 1st day of April following, at an increased rate of rent, and that after the expiration of the six months he desired the lease to begin from April 1st in each year. That said Kirkham received the letter, and replied to it by a letter which the plaintiff never received, that the quartermaster-general would not approve the same, and that the state hired armories from October 1st to September 30th, and that the terms of the plaintiff could not be accepted, and that he would not accept said terms in any way

for himself or the company or the state. That no other agreement of any kind was made concerning the hiring or letting of the premises. That the plaintiff then was, and for some time previously had been, a resident of the city of New York, but did business in a store at Derby. That the defendants continued to use the premises for an armory and drill-room. That some time in the month of December, 1866, the commanding officer of the defendants, at their request, and with the assent of the quartermaster-general, hired another building for an armory, at the rate of three hundred and fifty dollars rent per year, of which rent three hundred dollars was to be paid by the state, and the remaining fifty dollars was to be paid by the defendants out of their own funds. That the defendants continued to use the premises of the plaintiff until after the 9th day of January, 1867, when they vacated the premises, and Capt. Kirkham, their commanding officer, left the key with a clerk of the plaintiff at his store, but the clerk had no authority to receive the same, or to accept the surrender of the premises; that the plaintiff had no notice of such vacating or surrender of the premises, other than the leaving of the key with the clerk, and the tender hereinafter mentioned; that the premises remained unoccupied until the first day of April, 1867; that for the use and occupation of the premises from the first day of October, 1866, to the first day of April, 1867, nothing has been paid to the plaintiff; that the plaintiff afterwards, at divers times since the company ceased to use the premises, called upon the officer in command of the company for pay for such use and occupation; that no vote or action was ever taken by the company in relation to hiring the premises of the plaintiff.

That the state afterwards paid to said Kirkham the sum of $37.50, to pay the rent due from October 1st to January 1st, 1867, for the use of the premises, which sum the said Kirkham, in the month of January, 1867, tendered to the plaintiff, and which the plaintiff refused to receive; and that thereupon the same was applied by Kirkham, as officer in command, for the benefit of the company, in part payment

of the fifty dollars additional rent for the new armory ; and that the use and occupation of the premises from October 1st, 1866, to April 1st, 1867, was reasonably worth one hundred dollars.

Upon these facts the plaintiff claimed that the defendants were justly indebted to him in the sum of one hundred dollars, for the use and occupation of the premises, and for money had and received to his use, with interest from April 1st, 1867. But the court held that the defendants were not indebted to the plaintiff, either for such use and occupation, or for money had and received, and that the defendants were not liable for such use and occupation, or for the money of the plaintiff expended for their benefit; and thereupon rendered judgment in favor of the defendants. The plaintiff moved for a new trial.

*Wooster* and *Torrance*, in support of the motion, contended—

1. That as the defendants had actually occupied the premises of the plaintiff, and as he had received no compensation therefor, they were clearly liable to pay him a reasonable compensation, unless by reason of their being a military company they were not liable as a voluntary association.

2. That there was nothing in that fact to prevent their liability, since the organization of the company was effected by voluntary enlistment, making it strictly a voluntary association.

3. That the state had not contracted for the use of the premises for the defendants, or in any way made itself responsible for the rent; the payments made by the state for the purpose being made to the defendants for them to use in discharging their own liability and not to discharge any liability of the state.

4. That the defendants were clearly liable upon the count for money had and received for the money actually received from the state by the commanding officer for the payment of the rent and which had been applied for the benefit of the company in a different manner.

*H. B. Harrison* and *Terry*, contra.

1. No liability is established against Naramore or Tomlinson individually. If the plaintiff recovers, his judgment must be against (and only against) " Company G, Second Regiment, Connecticut National Guard."

2. But no judgment can be rendered against " Company G &c." 1st. It is not a corporation. 2d. It is not a " voluntary association" within the meaning of the statute. Gen. Statutes, p. 6, sec. 21 ; id. p. 14, sec. 65. It is an *involuntary* association. Its members are not united by way of partnership or other contract with each other. They have not even concurred to assume the *name* of " Company G &c." They are simply a certain number of individuals, each of whom is separately bound, as a soldier, to the state, and not to his fellows or to " Company G," and all of whom have been brought together, as soldiers, by coercion of the military laws. See Militia Law, generally ; Gen. Statutes, tit. 42 ; and particularly sections 1, 2, 7, 17, 18, 38, 41. The mere fact that certain individuals act together in the service of the state under the name " Company G," does not make " Company G" a person, capable of being sued. Can the " Supreme Court of Errors" be sued as a " voluntary association ?" or the " General Assembly ?" or the " Police Department" of Hartford ? or the " Connecticut National Guard ?" or the " First Regiment ?"

3. The contracts on which the plaintiff relies were not contracts between him and " Company G." 1st. If there was any contract for use and occupation, it was between the plaintiff and the state. The state having, by law, bound itself to provide and pay for an armory, the law will not imply that the company assumed and promised to pay for it. The plaintiff, knowing the law, was bound to assume that the company was not to pay. Gen. Statutes, tit. 42, secs. 43, 44, 45. 2d. The plaintiff has no right of action for money had and received. The $37.50 never became the plaintiff's money. He refused to become the owner of it, and never did become the owner of it. But if he has a right of action for it, his remedy is against Kirkham, and not against the company.

As to this money there is no privity between the plaintiff and the company.

CARPENTER, J.   We do not understand that the plaintiff claims to hold Naramore and Tomlinson personally liable; but on the contrary he treats the claim throughout as one against the company only.   We shall assume therefore that the defendants are right in their position upon this point.

Two other questions are raised; 1st. Is the company a voluntary association within the meaning of the statute ?  If so, 2d, Is the company liable upon the facts detailed in the motion ?

1.   It does not appear that the first question was made and determined in the court below.   We should not therefore upon that ground order a new trial.   Indeed we have no occasion to decide that question, except that it would be idle to grant a new trial upon the other point, if it was perfectly clear that the plaintiff must ultimately fail upon this.   That consideration, together with the fact that the question has been discussed in the argument, renders it proper that we should dispose of it.

The statute, Gen. Statutes, tit. 1, sec. 65, is as follows: " Any number of persons associated together as a voluntary association, not having corporate powers, but having some distinguishing name, may be sued &c."   It seems to us that the defendants are directly within this statute.   They have not corporate powers ; they have a distinguishing name; and they are associated together, not involuntarily and by coercion of military law, but by voluntary enlistment.

2.   Are the defendants liable ?  There are two branches to this inquiry, each one of which is independent of the other. The first is, with whom did the plaintiff contract ?  To whom did he give credit ? The company occupied his premises from October till January, for which no rent has been paid.  If the defendants expressly or impliedly authorized the contract to be made in their behalf, and the plaintiff so understanding it gave them credit, there can be no doubt about their liability. So too if the contract was made in their behalf without

Fox v. Naramore.

authority, and subsequently ratified by them. But this, it will be perceived, is a question of fact rather than of law. A direct finding of the facts in this part of the case one way or the other would have settled this branch of the inquiry. Facts enough are stated perhaps from which the proper inference may be drawn, but it is not the province of this court to determine pure questions of fact, and we have no occasion to do so in the present instance. We choose therefore to leave this an open question.

The second inquiry under this head is:—Are the defendants liable for money had and received? So far as this part of the case is concerned, their liability does not depend upon a lease to them, but rests on different grounds. It is expressly found that the commanding officer of the company received from the state the sum of $37.50, for the express purpose of paying the rent or a part of the rent in question. That money was subsequently used to pay that portion of the rent for the new armory which the defendants had agreed to pay. The fact therefore is indisputably established that the defendants have received the benefit of money which belonged to the plaintiff. They received money, or its equivalent, and are clearly liable in this form of action. The plaintiff therefore is manifestly entitled to recover something, and a new trial must be advised.

Whether the defendants are liable for a greater sum than $150 per year, or for a longer time than they actually occupied the premises, are questions which may hereafter arise; but as the former depends in some measure upon an open question of fact, and as the latter has not been discussed before us, we do not wish to be understood as expressing any opinion upon either of them.

In this opinion the other judges concurred.