# CASES

# SUPREME COURT OF ALABAMA

## NOVEMBER TERM, 1902.

## Cleghorn v. Western Railway of Alabama.

*Action against Railroad Company for Personal Injuries.*

1. *Railroad company; when responsible for injuries resulting from construction of mail crane.*—When a railroad company in the erection of a mail crane at flag stations, for the purpose of getting the mail without the necessity of stopping, erects such crane in or so near to a public road which crosses the railroad track that a traveller, without contributory fault on his part sustains injury by reason of the erection of such crane, the railroad company is liable to him in damages, as it would be for any other unnecessary and wrongful obstruction of a highway.

2. *Same; same; sufficiency of complaint.*—Although a mail crane erected by a railroad company along side a public road is not, of itself calculated to frighten gentle horses, if by reason of a mail bag being suspended upon it a horse of ordinary gentleness, while being driven along a road, becomes frightened at the crane and its burden, and runs away, or springs aside and backs into a ditch hurting the driver, the driver can recover damages from the railroad company by reason of the negligence in erecting and having a crane so near to the highway; and a complaint which avers such facts states a sufficient cause of action, and is not subject to demurrer.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. A. H. ALSTON.

This action was brought by the appellant, William Cleghorn, against the Western Railway of Alabama.

The complaint contained three counts. The first count was in words and figures as follows: "Plaintiff claims of the defendant the sum of three thousand dollars damages, for that, heretofore, in the month of August, 1900, defendant was a corporation operating a railroad in Macon county, Alabama, and that said line of railroad intersected a public road at Franklin, in said county and State, making a public crossing; that on to-wit, the 23d day of August, 1900, plaintiff avers that he was driving a mule hitched to a one horse wagon, to Tallassee, Alabama, and that when he reached said public crossing and just as his mule put his front feet between the rails of the defendant's said line of road on said crossing, his mule became frightened at a mail crane erected by defendant on, or very near, the public crossing, on which crane the United States mail was suspended, and, jerking suddenly, backwards, threw plaintiff violently from the seat in said wagon into a ditch about eight or ten feet deep, over which was a bridge leading up to said crossing; that the mule continuing to back, ran said wagon off of said bridge, and the mule and wagon fell on plaintiff, before he could rise from where he had been so violently thrown, severely injuring him, breaking his right leg and three ribs on his right side, besides otherwise injuring him. And plaintiff avers that said mail crane was negligently erected by the defendant on or near the public crossing, for defendant knew that it was to be used to hang the mail on, so that trains need not stop or slow up in order to receive the United States mail at said station, and that it was so used; and when the mail was suspended from said crane it was an object calculated to frighten a mule of ordinary gentleness, and plaintiff avers that his mule was a mule of reasonable gentleness. And plaintiff avers that by reason of the negligence of defendant in erecting the said mail crane so near the said crossing he was injured as aforesaid; and was compelled to keep his bed for thirteen weeks, and suffered great mental anguish and bodily pain, and is still unable to follow his daily occupation and to perform any hard labor; and, by reason of said injuries he was compelled to incur large doctor's bill

and drug bill to his special damage $80.00. And plaintiff avers that by reason of the negligence of defendant aforesaid he has been damaged in the sum of three thousand dollars, for which he now sues."

In the 2d count the prefatory allegations were the same as in the 1st count, and the averments of negligence were as follows: "And plaintiff avers that defendant negligently allowed and permitted the said crane to be erected and to remain at said crossing, knowing that it was to be used to hang the mail on so that defendant's train could receive the mail without stopping at said station of Franklin, but that it was so used. And plaintiff avers that when the mail was suspended from said mail crane it was an object reasonably calculated to frighten a mule of ordinary gentleness, and that his mule was a reasonably gentle mule; and plaintiff avers that on account of the negligence of defendant aforesaid he was damaged," etc.

In the 3d count, after containing the same prefatory allegations as alleged in the 1st count, then contained the following averments of negligence: "And plaintiff avers that said bridge was erected by defendent and that it was defendant's duty to keep said bridge in repair, and plaintiff avers that there were no guard rails on said bridge. And plaintiff avers that defendant negligently erected or permitted the erection of said crane at said crossing, knowing it was to be used to hang the mail on so that defendant's train need not stop or slow up in order to receive the United States mail at said station of Franklin, and that it was so used, and plaintiff avers that when the mail was suspended from said crane it was an object calculated to frighten a mule of ordinary gentleness, and that his mule was a reasonably gentle mule. And plaintiff avers that by reason of the negligence of defendant in erecting or permitting the erection of said crane, at said crossing and the failure of defendant to bar said bridge in reasonably safe condition for public travel, in that, it did not have any guard rails on said bridge, his mule ran off of said bridge, and he was severely injured, to his damage aforesaid," etc.

[Cleghorn v. Western Railway of Alabama.]

The plaintiff amended his complaint by alleging in each count thereof that "his mule was a mule of ordinary gentleness and that the mail crane when the mail was hung thereon was naturally calculated to frighten a mule of ordinary gentleness;" and by the further averments "that by reason of the negligence of defendant in erecting the said mail crane on said crossing with the knowledge aforesaid, he was damaged in the sum above stated."

To each count of the complaint as amended, the defendant demurred as follows: To the 1st count, upon the following grounds: "First: It fails to show, with sufficient certainty, wherein the defendant caused the injury complained of; or that defendant was guilty of any act of negligence, which would render it liable in this action. Second. Because it shows that the injury complained of, was caused by an act of the plaintiff's mule, and not by the defendant. Third. It fails to show that the mail crane was within itself, calculated to frighten an animal of ordinary gentleness. Fourth. It fails to show that the defendant or any one for whose act it would be responsible, suspended the mail bag, which frightened the mule. Fifth. Because it assumes, as a matter of law, that it is negligence to erect a mail crane near a public crossing, when such is not the law."

To the 2d count, on the following grounds: "1st. Because it fails to show or aver that it was the defendant's duty not to allow or permit said crane to be erected and to remain at said crossing. 2d. Because it assumes that the defendant had the right to interfere with the United States government in the erection and control of its mail cranes. 3d. Because it fails to show or aver with sufficient certainty that the defendant was charged with the erection and control of the said mail crane."

To the 3d count, upon the same grounds assigned to the 1st and 2d counts, and also upon the following grounds: "1st. Because it is a departure from the original complaint in this, that it seeks to recover for a defect in the bridge when the original complaint sought to recover for the negligent action of a mail crane. 2d. Because it fails to show or aver that it was defendant's

[Cleghorn v. Western Railway of Alabama.]

duty to provide guard rails on said bridge. 3d. Because the allegation of negligence is in the alternative in this, that it avers that the defendant negligently erected or permitted the erection of said crane."

The court sustained the demurrers as interposed by the defendant to the complaint, and the plaintiff declining to plead further, judgment was rendered in favor of the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the demurrers interposed by the defendant to the complaint.

OSCAR S. LEWIS, for appellant.—A railroad company is liable for an injury resulting to a traveler from its failure to repair, restore, or keep in safe condition a public highway where the same intersects its right of way.—8 Am. & Eng. Ency. of Law, 375 and notes. So a railroad company may become liable for obstructions by cars, etc. at the crossing which are calculated to frighten horses.—8 Am. & Eng. Ency. of Law (2d ed.), 423, note 2; *Meyer et al. v. Richmond & Danville Ry. Co.*, 8 Am. & Eng. R. R. Cases, 293; *Northern Alabama Ry. Co. v. Sides*, 122 Ala. 594; Wharton on Negligence, 107, 108; Elliott on Roads & S. (2d ed.), § 616; Sherman & Red. on Negligence, sec. 369a and note. Same, section 388, and authorities there cited. A road may be rendered unsafe by objects upon its calculated to frighten horses, as well as by defective construction.—*Dunock v. Town of Suffield*, 30 Conn. 129.

The averments of negligence in the complaint were sufficient, and each count of the complaint stated a good cause of action.—*Mary Lee etc. Co. v. Chambliss*, 97 Ala. 171; *Decatur Car Wheel Co. v. Mehaffey*, 128 Ala. 242; *City Electric St. Ry. v. Conery*, 31 L. R. A. 570; *Jones v. Finch*, 128 Ala. 217; *McKay & Roche v. Southern Bell Tel. Co.*, 111 Ala. 337; 5 Ency. Pl. & Pr., page 1, and notes; *Columbus, etc., Ry. Co. v. Bradford*, 86 Ala. 574.

GEORGE P. HARRISON, *contra.*—As is clearly shown by each count of the complaint in this case, the gist of plaintiff's action was the alleged negligence on the part of the defendant in erecting a mail crane on or near a public

crossing on defendant's right of way which when a United States mail bag was suspended on it was calculated to frighten an animal of ordinary gentleness. This does not disclose a cause of action against the defendant and the demurrers to the several counts of the complaint were rightfully sustained. This court judicially knows that the United States government has charge and control of its mail service and that its agents suspend the mail bags on these cranes and direct the erection of the cranes and the suspension of the mail bags thereon. The complaint shows that the direct and immediate cause of the injury complained was the suspension of the mail bag on the crane.—*L. & N. R. R. Co. v. Milliken,* 14 Am. & Eng. R. R. Cases, 747; *Chicago etc. R. Co. v. Prince,* 16 Ib. 324; *McGahan v. R. R. Co.,* 49 Am. St. Rep. 199; *Leavitt v. R. R. Co.,* 7 Am. & Eng. R. R. Cases, 534; Sherman & Redfield on Negligence, § 26; 5 Am. & Eng. Ency. of Law, 5.

It has often been decided by this court that the authority to operate a railroad includes the right to make the noise incident to the movement and working of its engine, as in the escape of steam, and the rattling of cars; and also to give the usual and proper admonitions of danger, as in the sounding of whistles, and the ringing of bells. And that it is not liable for injuries occasioned by horses or mules, when being driven on the highway taking fright at noises occasioned by the lawful and reasonable exercise of these rights and duties. *Stanton v. Louisville & Nashville R. R. Co.,* 91 Ala. 384; 1 Rorer on Railroads, 704; Pierce on Railroads, 348.

McCLELLAN, C. J.—Mail cranes at flag stations are necessary to the business of railway companies carrying the mails; but it cannot be said to be necessary for such companies to erect such cranes in or so near to public roads crossing their tracks as that the cranes or their use would obstruct the use of highways by the public. To the contrary in such erections, as well as all others, railways must have due regard to the rights of the public in adjacent highways, and it, failing in such regard,

a crane is erected in or so near to a public road that a traveler without contributing fault on his part sustains injuries by reason of its location, the railway is liable to him in damages, as it would be for any other unnecessary and wrongful obstruction of the highway. If it may be said that a mail crane is in itself a structure of such ungainly (not to say hideous) mien as to be calculated to frighten a horse of ordinary gentleness, and one is erected immediately upon the side of a public road and such a horse, in being driven by, becomes frightened and unmamageable and hurts his driver, the latter has his action on the case against the railway company.

But suppose such crane, so located, in and of its naked self is not calculated to frighten gentle horses, but becomes an object of terror to them—a scare-crow or, more accurately, a scare-horse—when a mail bag is suspended upon it, and in conjunction with such bag, and that while the crane is thus being put to its intended uses, a horse of ordinary gentleness is driven along the road and becomes frightened at the crane and its burden, and runs away or springs aside, or backs into a ditch, and hurts the driver, in such case can the driver recover against the railway company as upon negligence for erecting and having the crane so near to the highway, contemplating and intending this terrifying use of it? In determining this question it is to be assumed and borne in mind that damages are not claimed for the act of putting the bag on the crane, and that the bag is in fact strung onto the crane, not by the railway but, presumably, by an employe of the postal service. But it is also not to be lost sight of that it is the railway company whose business it is to get that bag at that station and carry it forward, that the postal department of the government is not concerned as to how the carrier gets the bag, but only that the bag is got by it and carried, that the crane is erected by the company to facilitate the accomplishment of a duty and obligation resting on it, and that the government puts the bag on the crane to the end that the railway company may discharge its duty with the greatest ease to itself by taking the bag on without stopping its train. The question thus presented is one of some nicety

and difficulty. It is, moreover, *res integra* so far as we are advised. Our opinion upon it, however, is that the railway company would be liable. By the erection of the crane for its own purpose of having mail bags strung upon it, the company assumes responsibility for injuries resulting from the structure while and in consequence of its being in the use intended, if it has been guilty of negligence in erecting the crane too near a public road, and the crane with its burden is an object calculated to frighten gentle horses. In such case the negligent erection of the crane, in the contemplation and with the intention that it shall be used by others for the benefit of the company in a way which is calculated to frighten domestic animals and cause them to injure their owners, is the efficient and proximate cause of an injury resulting from the position and intended use of the crane. Having in mind the purposes of the erection and the fact that it will inevitably be put to the intended uses, there is, we think, an unbroken chain of causation from the erection of the crane at the side of a highway and the fright of a passing horse produced by the presence there of the crane with the mail bag upon it. The complaint in this case makes a case under these views of the law, and the court erred in sustaining the demurrer to it.

We may not be impressed with the notion that such a structure with a mail bag on it is calculated to disturb the equanimity and frighten a horse of ordinary gentleness; but it is alleged to be in this complaint, and that question is one for the jury.

The judgment for the defendant must be reversed as also the judgment sustaining the demurrer to the complaint as amended. A judgment will be here entered overruling the demurrer and remanding the cause.

Reversed, rendered and remanded.