# Western Railway of Alabama
# *v.* Cleghorn.

*Action for Damages for Frightening Mule by Improper
Erection or Operation of Mail Crane.*

1　*Damages; erecting mail crane.*—Where a defendant railroad corporation erects a mail crane at a place where a public road crossed the railroad, knowing its purposes and uses and, furthermore, that its erection was for the convenience of the defendant in carrying out a contract with the United States Government it is no defense, to an action against it for frightening a mule thereby, that such crane was erected according to plans and instructions given by the Government, and in accordance with the usual custom of erecting them.

2.　*Same; same; contributory negligence.*—In an action against a railroad for frightening plaintiff's mule by a mail crane upon which a mail bag hung, it is no answer, for the defendant to say that the plaintiff was guilty of contributory negligence in failing to stop, look and listen for an approaching train before attempting to cross; or that, by reasonable diligence, he could have seen a post-master approaching with a mail bag.

3.　*Railroads; crossings.*—Railroad companies are required to keep their tracks and the approaches to them, at a public crossing, in good repair.

4.　*Charge of court.*—Written charges requested, which are argumentative, or which invade the province of the jury, are properly refused.

5.　*New trial; review on appeal.*—On appeal, this Court will not reverse the action of the lower court in granting or refusing a new trial, unless, after allowing all reasonable presumptions of the correctness of the trial court's action, the preponderance of the evidence against the verdict is so decided as to clearly convince this Court that it was wrong and unjust.

APPEAL from Circuit Court of Macon.

Tried before the Hon. N. D. DENSON.

This was an action for damages, brought by the appellee, William Cleghorn, against the appellant. The gist

of the various counts of the complaint was that the plaintiff was driving a mule hitched to a buggy, along a public road; that, approaching a point where the defendant's track crossed the road, the mule, as it put its front feet on the railroad track, discovered a mail bag suspended at the crossing upon a mail crane, became frightened thereat, and backed the buggy into a ditch, throwing the plaintiff out and injuring him severely. That said mule was one of ordinary gentleness. The defendant demurred to the complaint, but, under the decision herein, it is not necessary to set them out, being covered by the principles decided in this case on a former appeal. Defendant's demurrers being overruled, it filed a plea of the general issue, and seven special pleas as follows: 2nd. "That in the use of mail cranes on the line of defendants railway including the one at the place where it is alleged plaintiff's injury occurred, it was not customary or usual for the United States Government, who handled the mail, to place mail bags on the crane until just as the train is approaching, and when it would be imprudent for any one to pass on account of an approaching train. That the defendant put up the said mail crane at the instance and request of the United States Railway Service to be used in accordance with this custom, to-wit; to only hang mail bags thereon on the approach of fast mail trains which carried mails, and that the defendant in the construction of said mail crane had no reason to apprehend that it would be used to hang mail bags on it at any other time or when ordinarily prudent persons would be passing driving animals of ordinary gentleness." 3rd. "That said mail crane was constructed according to plans and specifications made and furnished by the Postal Department of the United States Government, and was such as are used at flag stations all over the United States. That the place where said mail crane was erected, was selected by the said Postal Department and that the defendant in erecting it at said place was only carrying out the instructions of those who under the United States Mail Regulations it was its duty to obey, and that the delivery and receipt of mail by means of said mail crane was conducted entirely by

the Postal Department of the United States Government." 4. "That the said mail bag was hung on said mail crane by the agent of the United States Government to be delivered to a mail carrier of the United States Government, whose duty it was to receive and carry it. That under the defendant's contract with the United States for carrying its mail, it was not the duty of the defendant to receive the mail bag at that station, but simply to carry it forward after it had been delivered by one agent of the United States Government, to-wit, the postmaster at said station, to another, to-wit, the mail agent on the mail car controlled exclusively by the Postal Department of the United States Government. That under said contract, the Postal Department directed how said mail bag should be delivered and received on said mail car. That the defendant was under no duty to stop at said station, or to receive said bag at that place except to put up and maintain said mail crane on which to allow the said Postal Department to deliver and receive the mail. That it was not the defendants duty to deliver, receive or in any manner handle or control said mail bag except to carry the said postal car on which it had been placed, and which was controlled and managed entirely by the Postal Department of the United States Government." 5th. "That the plaintiff was guilty of negligence which caused or proximately contributed to the injury complained of in this, that in approaching said railroad track he failed to stop, look or listen, or otherwise ascertain that a train was approaching or that there was any thing on or about the track calculated to frighten the animal which he was driving; and defendant avers that plaintiff could, by stopping, looking or listening, or otherwise ascertaining, have discovered that the crane or mail bag was at the place set forth in the complaint, in time to have prevented the injury." 6th. "That the plaintiff caused or proximately contributed to the injury complained of in this, that when he approached said railroad track at the place where said mail crane was erected, and where the postmaster at said station was handling the United States Mail, he failed to keep a

[Western Railway of Alabama v. Cleghorn.]

proper lookout as to what was ahead of him, and was looking elsewhere, not noticing what was in front of him, but was carelessly looking about, and paying no attention to what he was doing; and defendant avers that by ordinary diligence plaintiff could have discovered the crane and mail bag in time to have prevented the injury." 7th. "That the plaintiff caused or proximately contributed to the injury complained of by carelessly and negligently guiding and controlling or failing to guide and control his mule, which he was driving at the time of the injury; and defendant avers that if plaintiff had properly guided and controlled the mule he was driving, he could have prevented the injury." 8th. "The plaintiff caused or proximately contributed to the injury complained of in this, that at the time of his approach to said mail crane he saw, or by reasonable diligence could have seen one E. E. Gibson, who was United States postmaster at the place referred to, at or approaching said mail crane with a big bag of United States mail, which was calculated to frighten plaintiff's mule, that with this knowledge, or means of knowledge at hand, plaintiff paid no attention to said postmaster or said mail bag, but negligently and carelessly approached the same without looking or noticing the danger of such approach."

The plaintiff demurred to each of said special pleas. They were sustained to all except the sixth and seventh, and overruled as to those two.  It is unnecessary for an understanding of the opinion as based on exceptions to evidence, to set the same out in detail.  The charges to the jury noticed in the opinion, are as follows; the defendant requested the court, in writing, to give charges, numbered and as follows:  1.  "If the jury believe all the evidence, they must find for the defendant."  2. "The term, 'a mule of ordinary gentleness' as used in the complaint does not mean any particular mule which is ordinarily gentle, but means a mule which is as gentle as ordinary gentle mules."  3.  "If plaintiff's mule would ordinarily become frightened or back or shy when it met any person in the road, and particularly, a negro, then it was not a mule of ordinary gentleness."  4.  "Such mail crane with a pouch hung on it, as is shown on page

[Western Railway of Alabama v. Cleghorn.]

239 of the Postal Laws and Regulations, offered in evidence, is not in itself, a structure of such ungainly mien as is calculated to frighten a mule of ordinary gentleness." 5. "If the jury believe from the evidence that the mail crane and mail bag, which it is alleged frightened the plaintiff's mule, was such as are prescribed by the postal laws and regulations of the United States Government, and such as were at the time of the injury in use on all well regulated railroads of the country, they must find for the defendant." 6. "If the jury believe from the evidence that the diagram in section 569, page 238 on the postal laws and regulations of the United States Government was such as at the time of the injury were in use on all well regulated railroads of the country, they must find for the defendant." 7th. "If the jury believe from the evidence that the plaintiff, at the time of his approach to the mail crane, saw, or could by the exercise of reasonable diligence, have seen postmaster Gibson at the place referred to at, or approaching the said mail crane with a bag of United States mail calculated to frighten plaintiff's mule, and that with this knowledge or means of knowledge at hand, plaintiff paid no attention to said postmaster and mail bag, and negligently and carelessly approached the same without noticing the danger of such approach, they must find for the defendant."

The court refused to give the above charges, and the defendant excepted to the ruling of the court on each of them separately. There was verdict and judgment for the plaintiff, from which the defendant appealed.

GEORGE P. HARRISON, for appellant.

OSCAR S. LEWIS, contra.

DOWDELL, J.—This is the second appeal in this case. *Cleghorn v. The Western Railway of Alabama*, 134 Ala. 601.

Since the remandment of the cause, the complaint has been amended by the addition of other counts. The

same demurrers which were interposed to the original complaint were refiled to the complaint as amended. There is nothing in the counts added by way of amendment, to which the principles stated in the opinion by McCLELLAN, C. J., on the former appeal are not applicable, and, following what was then said, and the decision of this Court, the trial court overruled the demurrers. This action of the trial court constitutes the basis of the first five assignments of error in the present record. Counsel for appellant insists upon a reconsideration of our former decision, but we are unable to see any good reason for now overruling that decision, or in departing from the principles laid down.

The defendant filed eight pleas to the complaint as amended, the first being the general issue, and the remaining seven attempting to set up special matters of defense. Demurrers were interposed by the plaintiff to all of these pleas, except the first, and were sustained as to all but the sixth and seventh, and overruled as to the two latter.

The matters set up in the second, third and fourth pleas, under the doctrine laid down on the former appeal, constitute no defense to the cause of action made by the complaint. The defendant knew the intended purpose of the mail crane, its uses, etc., and furthermore, that its erection was for the convenience of the defendant and to facilitate the carrying out of the contract between the defendant and the United States Government. It does not appear that the alleged duty as to the erection of the crane, and the place of its erection, was one imposed by law, and for aught that appears such alleged duty was one arising out of a contract beneficial to the defendant, and of consequence a self imposed one.

The fifth plea undertakes to set up the defense of contributory negligence on the part of the plaintiff, and avers the facts constituting the plaintiff's negligence to be his failure to stop, look and listen for an approaching train before attempting to make said public crossing. We are unable to see how the failure of the plaintiff to stop, look and listen, before proceeding to cross the railroad, contributed to the fright of the mule at seeing the

mail crane, which did not occur, until the mule was on the crossing. This plea was clearly open to the demurrér. So too, was the 8th plea: the averment of contributory negligence is not supported by the facts stated as constituting such negligence. That the plaintiff could by the exercise of reasonable diligence have seen "One E. E. Gibson, who was United States Postmaster at the place referred to, at or approaching said mail crane with a bag of United States mail, which was calculated to frighten plaintiff's mule," is no answer to the cause of action laid in the complaint. It is not charged in the complaint that the mule was frightened by Gibson with the mail bag, but by the mail crane on which the mail bag was suspended.

It was competent under the issues for the plaintiff to show that the defendant's employes worked on the crane. The witness Cooper, who testified to these facts, further testified that he worked for the defendant and that "We (meaning defendant's employes) erected the first mail crane under Mr. Sam Henry. There has been a mail crane there ever since. I have seen Mr. Beasley work on the mail crane that is there now. I don't know what he was doing there, or who he was working for. He was working with the bridge gang on the Western Railroad, but don't know who he was working for." All of this was competent in evidence and to be considered and weighed by the jury as tending to show that the defendant erected and maintained the mail crane. The question, asked the witness Cox on his cross-examination and to which an objection was sustained, "Was there anything unusual about the mail crane?", was not in rebuttal of any matter drawn out on the direct examination of this witness. He had testified nothing in reference to the mail crane, and as to him the question called for new or original matter, and in this called for the witness's opinion or conclusion. He was not asked to tell what, if anything, there was unusual about the mail crane. There was no error in sustaining the objection. There were other exceptions taken to the court's rulings on evidence, but we have been unable to discover any merit in them.

[Western Railway of Alabama v. Cleghorn.]

Railroad companies are required to keep their tracks and the approaches to them, at public road crossings, in good repair.—*Pratt Coal & Iron Co. v. Davis,* 79 Ala. 308; *S. & N. R. R. Co. v. McClendon,* 63 Ala. 266; *Sou. Ry. Co. v. Posey,* 124 Ala. 486. There was no error in giving the charge requested by the plaintiff.

The affirmative charge requested by the defendant was properly refused. There was evidence which tended to sustain the several allegations in the complaint, and the evidence on some of the material issues was in conflict.

Charge two requested by the defendant was argumentative, and for this reason, if no other, was properly refused. Charge 3 was invasive of the province of the jury. It was for the jury and not the court to say, whether, under the evidence predicated in the charge, the mule was one of ordinary gentleness. Charge 4 was also faulty in that it was invasive of the province of the jury.

For reasons heretofore stated in reference to the ruling on the demurrer to the defendant's 8th plea, the 7th charge requested by the defendant was properly refused. The 5th and 6th charges requested by defendant are controlled by the principles laid down in the opinion on the former appeal, 134 Ala. 601, and no error was committed in refusing to give them.

We have carefully considered the evidence in this case, and, under the rule laid down in *Cobb v. Malone,* 92 Ala. 630, and the cases following that one, we are not prepared to say, after allowing all reasonable presumptions of the correctness of the trial court's ruling on the motion for a new trial, that the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Finding no reversible error in the record, the judgment will be affirmed.

Affirmed.

McCLELLAN, C. J., TYSON and ANDERSON, J.J., concurring.