# Wells, *et al., v.* Gallagher.

*Action for Damages for Personal Injury by Leaving an Unexploded Bomb in the Public Alley.*

[DECIDED DEC. 21, 1905, 39 So. REP. 747.]

1. *Highways; Leaving Explosives Therein; Complaint.*—The law clearly implies a duty not to place, or caused to be placed, or cause to remain, in a public highway, a bomb or explosive capable of inflicting injury by being exploded, and a complaint which avers a state of facts from which the law would imply this duty, is sufficient.

2. *Same; Same.*—It is unimportant how long a bomb or explosive is allowed to remain in a public highway, where injury results from the act of placing it there, and leaving it.

3. *Same; Proximate Cause.*—Where the alleged injury is the proximate consequence of the alleged negligence of placing and leaving an unexploded bomb in a public alley, it is immaterial whether it was exploded where placed or left, or carried

[Wells, *et al.* v. Gallagher.]

to an adjacent yard before being exploded.

4. *Same; Instructions.*—It is proper to refuse instructions that plaintiff was not entitled to recover unless the jury believed from the evidence that defendant's servant, at the time he placed or left said explosive in the public highway, knew of its explosive and dangerous character, as pretermitting all consideration of proper care on part of defedant's servant in ascertaining the dangerous character of the explosive when he placed it there.

5. *Same; Evidence.*—It is permissible to show that children were accustomed to play in a street or alley where the bomb or explosive was placed or left, under a count charging wantonness, as tending to show wantonness.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

The complaint was filed by Christopher Gallagher a minor by his next friend, Frank H. Gallagher, against Jake Wells and E. E. Williams, and was in the following words: Plaintiff claims of the defendants' $10,000 as damages, for that, heretofore to-wit, on the 14th day of December, 1903, defendants had charge or control of the Bijou, a theatre in Birmingham, Ala., to-wit, at or near the corner of 3rd Avenue and 17th street, in said city; that at said time, there was a public alley near to and back of said theatre and a bomb cartridge or other explosive substance was in said alley at or near the said theatre; that on said day, said bomb cartridge or other explosive substance by reason of being in said alley, was caused to explode and as a proximate consequence thereof, plaintiff who was under fourteen years of age, was burned, shocked and otherwise injured by said explosion, he lost the sight of one eye, was crippled and disfigured for life, was made sore and sick, was caused to suffer great mental and physical pain, was rendered for a long time unable to work and earn money, was rendered permanently and less able to work and earn money, his health and physical stamina was greatly and permanently impaired, his nervous system was wrecked and he was put to great trouble, inconvenience and expense for medicine, medical attention, care and nursing in and about his efforts to heal and cure his said wounds and injuries.

[Wells, *et al.* v. Gallagher.]

Plaintiff alleges that said bomb, cartridge or other explosive substance was caused to be or remain in said alley as aforesaid and said explosion occurred and plaintiff suffered said injuries and damages as aforesaid, by reason and as a proximate consequence of, the negligence of defendant's servant or agent, acting within the line and scope of his authority as such in this to-wit: said servant or agent negligently caused said bomb, cartridge or other explosive to be or remain in said public alley.

The second count was a practical copy of the first and alleged in addition thereto that the plaintiff's servant or agent wantonly or intentionally caused said explosive, to be and remain in said public alley.

Demurrers were interposed to these counts. The counts were amended by inserting in each count immediately after the words "defendant's servant or agent" where they occur together in each of said counts, the words whose name is unknown to plaintiff." Demurrers were filed to the counts as amended and the following grounds assigned. 1, Counts were vague, indefinite and uncertain. 2. Counts do not show that the defendant violated any duty which they owed to plaintiff and 3, It does not appear that the defendants are responsible for the explosive that injured the plaintiff. 4. It does not appear that the defendant's knew or had reason to believe that the explosive would attract children. 5. It is not averred in said count how long the explosive remained in said alley. 6. It is not alleged in said count that any negligence of defendants contributed directly to produce the injuries complained of. 7. It is not shown that defendants' knew or had reason to believe that the plaintiff would be near where said bomb was or remained.

These demurrers being overruled, the defendants filed the general issue and three pleas of contributory negligence. Demurrers were sustained to the pleas of contributory negligence as answers to the second count. The defendant requested in writing the following charges which were refused.

3. Even though you should believe from the evidence that the janitor did sweep the object out in the alley which exploded and injured plaintiff, you cannot ren-

der a verdict in favor of the plaintiff unless you also believe from the evidence that the said janitor at the time he so swept said object out in the alley, knew that it was unexploded and dangerous to children.

4. Even though you should believe from the evidence that the janitor did sweep the explosive substance out in the alley which injured the plaintiff, you cannot find for the plaintiff in this case unless you also believe from the evidence that said janitor knew at the time he so swept the explosive object out in the alley that it was charged with an explosive substance.

5. If you believe the evidence you cannot find that the defendants were lessees and managers of the Bijou Theatre building, and were not at the time conducting or exhibiting a play or melodrama in such building during the week the Cross-Pacific Company was exhibiting their play in said building.

6. I charge you that you cannot render a verdict in favor of the plaintiff in this case, unless you are reasonably satisfied from the evidence that the janitor knew that the object which injured plaintiff was an unexploded object and dangerous to children. Even though you should believe from the evidence that said janitor did sweep or put the object which exploded and injured plaintiff out in the alley.

There was judgment for plaintiff in the sum of $3,000.

TILLMAN, GRUB, BRADLEY & MORROW, for appellant. The demurrers to the complaint should have been sustained. The court was in error in permitting the testimony of the witness Gallagher. It was immaterial for two reasons: (1.) It was not restricted for a period of time preceding the accident, and (2), it was not shown that appellants had any notice of the habits inquired about. The affirmative charge should have been given for the defendant.—*Beetz v. City of Brooklin*, 41 N. Y. St. 1009; *Afflic v. Bates*, 43 At. Rep. 539; *Poland v. Earhart*, 70 Iowa, 285; *Malmberg v. Bartos*, 83 Ill. App. 481; *Mangum v. Atterton*, L. R. Q. Exch. 239-4 H. & C. 388; besides the plaintiff was guilty of contributory negligence. The 3rd, 4th and 6th charges refused to defend-

ant should have been given. The 5th charge should also have been given.

BOWMAN, HARSH & BEDDOW, for appellee.—No demurrer was filed to the complaint as a whole but separate demurrers were filed to each of the two counts.—Count 2 was eliminated by the affirmative charge. The demurrers to the remaining count were properly overruled.—*Harriman v. Pittsburg,* 12 N. E. 451; 44 Ohio St. 11; *Nelson v. McClellan,* 60 L. R. A. 793.

The court did not err in overruling objections to the question to the witness, Gallagher. The court did not err in· giving the charges requested. The motion for a new trial is made by Wells alone. The defendant should be made a party by notice of the motion.

DOWDELL, J.—The complaint contained two counts; the first counting on simple negligence, and the second on wantonness. Demurrers were interposed by the defendants to each of said counts, which demurrers were overruled by the court. The demurrer questioned the sufficiency of the averments of the first count as to showing any duty owing by the defendants to the plaintiff. In an action to recover damages for alleged negligence, the complaint is sufficient if it alleges a duty owing the plaintiff by the defendant, or states facts from which the law will imply the duty.—*L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620. Here the facts stated are that the bomb or explosive which produced the injury was caused to be or remain in a public alley in the city of Birmingham, and that this was negligently done, and as a proximate consequence of such negligence the plaintiff received his injuries. The law, we think, clearly implies a duty not to place, or cause to be placed, or cause to remain, in the public highway, a bomb or explosive capable of inflicting injury by being exploded. On the facts stated the law implies a duty, and it was therefore not necessary to aver it in terms in the complaint. It is not pointed out in the demurrer wherein the count is "vague,, indefinite, and uncertain." It is unimportant how long the bomb remained in the public alley, if it remained long enough

to cause injury; and it is equally unimportant whether the plaintiff, a boy under 14 years of age, exploded the bomb in the public alley, where it is alleged to have been negligently placed, or whether he carried it to an adjacent yard and there exploded it, and received the injury complained of. In either case the alleged injury is the proximate consequence of the alleged negligence. We are of opinion that the first count sufficiently stated a cause of action, and was, therefore, not open to the demurrer interposed.

We need not consider the ruling on the demurrer to the second count, since it appears that the court gave the general affirmative charge in favor of the defendants on this count.

There was no error in overruling the defendants' objections to the question put by plaintiff to the witness Mrs. Gallagher in reference to the habit of children playing in the alley in question. The evidence offered was competent in rebuttal of this evidence. Moreover, at the time the question was asked, the second count of the complaint charging wantonness was in, and the fact that children were in the habit of playing in the alley would become a circumstance in the direction of showing elements constituting wantonness.

Charge 1, requested by the defendants, was the general affirmative charge to find in favor of the defendants; and charge 2 was the general charge to find in favor of the defendants as to the first count. It was open to the jury, under the evidence, to find all the facts alleged in the first count to have been proven, and consequently these charges were properly refused.

Written charges 3, 4 and 6 were each and all faulty in permitting consideration of due care on the part of the defendants' servant in ascertaining the dangerous character of the bomb or explosive at the time he placed it in the alley. Charge 5, requested by the defendant, besides being obscure, was an invasion of the province of the jury.

We are unable to see that the trial court committed any error in overruling the motion for a new trial by the defendant Wells, based on the grounds of surprise, mistake, or fraud. We fail to see that there was any fraud

perpetrated upon this defendant by his co-defendant, Williams. Moreover, as to the defense which the defendant Wells claims that he might have interposed, to the effect that he was in no wise connected with the management and control of the Bijou Theatre, opposed to his affidavit stating these facts was the evidence of Fleming Humphreys, the janitor, who swore that he was employed by Williams and Wells, and the evidence of Will Johnson, the property man, who swore that both Humphreys and himself were working for Williams and Wells. Besides this, the testimony of Williams tended to show that Wells, jointly with himself managed and controlled a theater. These three witnesses were sworn and examined on the original trial in behalf of the defendants. This evidence was offered on the hearing of the motion for the new trial, and we do not think the unaided affidavit was enough to overcome it and justify the court in awarding the defendant Wells a new trial.

We find no reversible error in the record, and the judgment appealed from will be affirmed.

Affirmed.

HARALSON, TYSON & DENSON, JJ., concur.