The suit was against Shelby Iron Company and Frank Smith for personal injury. The judgment shows that issue was joined on count F, pleas 1 and 2 of the general issue, and special pleas 9, 10, and 11 of contributory negligence.
Count F was challenged by demurrer on many grounds, one of which was that the name of the agent whose act of negligence the defendant is "being called upon to answer * * * is not given, nor is there an averment that the same is known to plaintiff." Appellant cites M. O. R. Co. v. George, 94 Ala. 199,10 So. 145; McNamara v. Logan, 100 Ala. 187, 14 So. 175; L. N. R. Co. v. Bouldin, 110 Ala. 185, 20 So. 325; Sou. Ry. Co. v. Cunningham, Adm'r, 112 Ala. 496, 20 So. 639. These cases were dealing with the sufficiency of counts under the Employers' Liability Act (Code 1907, § 3910) and under other than the first subdivision thereof. McNamara v. Logan, supra; *Page 118 
Woodward Iron Co. v. Herndon, 114 Ala. 191, 215, 21 So. 430; North Ala. R. R. Co. v. Shea, 142 Ala. 119, 37 So. 796; L. N. R. R. Co. v. Lile, 154 Ala. 556, 562, 45 So. 699; L. 
N. R. R. Co. v. Bargainier, 168 Ala. 567, 53 So. 138. To recover damages for injuries to one not an employé a count of a complaint need not state the name of the agent or servant whose negligence is alleged to have been the proximate cause of the injury. Armstrong, Adm'x, v. Montgomery Street Ry. Co.,123 Ala. 233, 26 So. 349; Abingdon Mills v. Grogan, 167 Ala. 146,52 So. 596; Western Ry. v. Turner, 170 Ala. 643,54 So. 527. Mr. Chief Justice Brickell said of such a count that it was free from objection that it failed to aver the name of the agent or servant and "position of the defendant's servant in" the negligent act of which complaint is made. B. R. E. Co. v. City Stable Co., 119 Ala. 615, 619, 24 So. 558, 72 Am. St. Rep. 955; Western Ry. v. Turner, supra.
The defendant's counsel further challenged the complaint by demurrer on the ground that the negligent act averred did not proximately cause the injury, and cites that line of authority from Western Ry Co. v. Mutch, Adm'r, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316, 38 Am. St. Rep. 179; to which it is replied that a count of a complaint in such actions is sufficient that shows a proximate or causal connection (without intervening sufficient cause) between the alleged act of negligence and the injuries averred to have resulted, and that such proximate cause is averred to have existed or is shown by the necessary inference from the facts alleged in count F, as the unbroken sequence of cause and effect thus declared. Connors-Weyman Steel Co. v. Kilgore, 202 Ala. 372(3), 80 So. 454; B. E. B. R. Co. v. Stagg, 196 Ala. 612, 615, 616,72 So. 164; Armstrong v. Montgomery Street Ry. Co., 123 Ala. 233,250, 26 So. 349; American Bolt Co. v. Fennell, 158 Ala. 484,490, 48 So. 97; B. R., L. P. Co. v. Hinton, 141 Ala. 606,611, 37 So. 635; Decatur Car Wheel Mfg. Co. v. Mehaffey, Adm'x, 128 Ala. 246, 255, 29 So. 646. See, also, Ala. Fuel Iron Co. v. Bush, 204 Ala. 658, 86 So. 541; B. R., L. P. Co. v. Littleton, 201 Ala. 141, 77 So. 565. The complaint was free from objection on last noted ground of demurrer, and was within the rule of Western Ry. Co. v. Mutch, Adm'r, supra.
The expression in the count, "was an object naturally calculated to frighten a mule of ordinary gentleness," was the sufficient and definite averment of a necessary fact showing defendant's duty in the premises as averred (L. N. R. R. Co. v. Vanzant, 158 Ala. 527, 531, 48 So. 389; Wells v. Gallagher, 144 Ala. 363, 367, 368, 39 So. 747, 3 L.R.A. [N. S.] 759, 113 Am. St. Rep. 50; Terrill v. Walker, 5 Ala. App. 535,59 So. 775; Beasley v. Linnehan Transfer Co.,148 Mo. 413, 50 S.W. 87; Williams v. Sou. Ry. Co., 119 N.C. 746,26 S.E. 32), since very general averments, "little short indeed of mere conclusions, of a want of care and consequent injury, leaving out the facts which constitute and go to prove negligence," meet all the requirements of the law of such complaints (Ga. Pac. Ry. Co. v. Davis, 92 Ala. 300, 307,9 So. 252, 25 Am. St. Rep. 47; A. G. S. Ry. Co. v. Brock,161 Ala. 351, 49 So. 453; Gray Eagle Coal Co. v. Lewis, 161 Ala. 415,49 So. 859; Carrollton Short Line Ry. Co. v. Lipsey,150 Ala. 570, 573, 43 So. 836; M. O. R. Co. v. George,94 Ala. 199, 10 So. 145; Mary Lee Coal Ry. Co. v. Chambliss,97 Ala. 171, 174, 11 So. 897; Armstrong v. Montgomery Street Ry. Co. supra; L. N. R. R. Co. v. Marbury Co., 125 Ala. 237,28 So. 438, 50 L.R.A. 620; Sou. Ry. Co. v. Arnold,162 Ala. 570, 574, 50 So. 293; Laughran v. Brewer, 113 Ala. 509,515, 21 So. 415.
In Sou. Ry. Co. v. Arnold, supra, the action was based on the negligence of the servant, and therefore the form of the joint action against the servant and the master was in case, and was properly joined in one count. Sou. Ry. Co. v. Hanby, 166 Ala. 641,644, 52 So. 334, and L. N. R. R. Co. v. Abernathy,197 Ala. 512, 525, 73 So. 103, for authorities. There was no misjoinder of parties defendant in count F. Wright v. McCord,205 Ala. 112, 125, 126, 88 So. 150. The gravamen of the count is "said defendants negligently caused or allowed said tractor engine to remain at said place and in said position without leaving some warning or notice to travelers driving animals along said road of the presence of said tractor engine at said place and in said position," and was within the rule declared in Mayer v. Thompson-Hutchinson Bldg. Co., 104 Ala. 611,16 So. 620, 28 L.R.A. 433, 53 Am. St. Rep. 88.
There was no error as against defendant Frank Smith in overruling his demurrer to the complaint on the ground that the agency of Smith was not sufficiently averred. When an assignment of error is joint it is unavailing, unless well taken as to all who joined therein. Chavers v. Mayo, 202 Ala. 128,130(3), 79 So. 594; Cook v. Atkins, 173 Ala. 363, 369,56 So. 224; Lehman v. Gunn, 154 Ala. 369, 45 So. 620; Ala. Penny Sav. Bank v. Holmes, 184 Ala. 469, 63 So. 969. The fact that the corporation is charged with the negligence averred, and its demurrers challenged the sufficiency of the count for the failure to aver that the person charged with acting for and with it at the time of the negligent act proximately resulting in injury to plaintiff, for which suit is brought, and was at such time acting within the line of this duty or within the *Page 119 
scope of his employment (L. N. R. R. Co. v. Johnson, 162 Ala. 665,50 So. 300; Alabama Power Co. v. Stogner [Ala. Sup.]95 So. 151[1]), is not available to codefendant, Frank Smith; there being a joint assignment of error.
The ground of demurrer to the count that "no facts (are averred) upon which to predicate the conclusion that said tractor engine was allowed to remain at the place where plaintiff received his injury 'for an unreasonable length of time,' " if well taken, is available to each of the appellants as defendants below. There are several authorities cited in support of the proposition that it was unimportant how long an object that is placed alongside a public highway should remain to constitute actionable negligence if calculated to frighten an animal of ordinary gentleness being driven or ridden along a public highway. In Wells v. Gallagher, 144 Ala. 363,39 So. 747, 3 L.R.A. (N.S.) 759, 113 Am. St. Rep. 50, the bomb was dangerous per se; Cleghorn v. Western Ry. Co.,134 Ala. 601, 39 So. 10, 60 L.R.A. 269; Id., 143 Ala. 392,39 So. 133, was a "mail crane," and when the "mail bag" was suspended therein frightened plaintiff's horse, etc.; in N. A. R. R. Co. v. Sides, 122 Ala. 594, 26 So. 116, the bridge across a public highway had become or was permitted to remain out of repair; and in Rodgers v. Harper, 170 Ala. 647,54 So. 199, the cause of fright to plaintiff's animal being driven along a public highway was the blowing of shavings by a planing mill in operation upon plaintiff's horse in the public highway. Such authorities are declarative of liability where the object of fright to an animal of ordinary gentleness, being ridden or driven on a public highway, was a nuisance.
In the matter of a wrecked vehicle in or alongside a public highway, the measure of duty must depend upon the condition in which it is left by a defendant, and whether, by reason of its nature, condition, or position, it had become a nuisance, though it may not have been an obstruction in the highway. An act may be or become a nuisance because it interferes with public travel, as is illustrated by foregoing authorities by this court, and the authorities collected in 1 Elliott, Roads and Streets, § 114, p. 129; 2 Elliott, Roads and Streets, § 794, p. 195 and section 832, p. 259. The question of nuisance vel non for allowing or permitting a wrecked or disabled vehicle on or alongside a public highway is, however, dependent on (1) the nature of the object; (2) the condition in which the owners may leave the same in or adjacent to the street or public highway; (3) and whether a reasonable time necessary for its removal has been permitted to elapse. During such time, if the object is not dangerous and of nature not to constitute a nuisance per se, its presence in or alongside the street or public highway would be neither an obstruction nor a nuisance; thereafter it is or may be both, dependent upon its character, condition, and location with reference to the highway. Cutter v. City of Des Moines, 137 Iowa, 643, 645, 113 N.W. 1081; Fritsch v. City of Allegheny, 91 Pa. 226; Wheeler v. City of Ft. Dodge, 131 Iowa, 566, 108 N.W. 1057, 9 L.R.A. (N.S.) 146.
Temporary obstructions in a highway or street are held to be limited to a reasonable necessity, permissible under certain circumstances for the benefit or convenience of an individual (B. R., L. P. Co. v. Smyer, 181 Ala. 121, 61 So. 354, 47 L.R.A. [N. S.] 597, Ann. Cas. 1915C, 863; 13 R. C. L. § 181, p. 213, section 186, p. 220, and sec. 211, p. 256), unless it is of such character as to be a nuisance per se (Wells v. Gallagher, 144 Ala. 363, 39 So. 747, 3 L.R.A. [N. S.] 759, 113 Am. St. Rep. 50; 13 R. C. L. § 179, p. 210). Though there is a difference in urban and rural highway that was adverted to in B. R., L. P. Co. v. Smyer, supra, it is immaterial to this inquiry. Grounds of demurrer denominated as E and 10 should have been sustained, and in the overruling of such grounds of demurrer there was prejudicial error. The averment of such reasonable time or necessity was a material inquiry for the jury under the circumstances averred; hence the requirement of the averment.
Further objection to the count is made that it is not averred that the failure to leave warning or notice to travelers was the proximate cause of plaintiff's injury; the facts and the conclusions averred are sufficient to show proximate cause. Wheeler v. City of Ft. Dodge, 131 Iowa. 566, 108 N.W. 1057, 9 L.R.A. (N.S.) 146; Cohen v. Mayor, 113 N.Y. 532,21 N.E. 700, 4 L.R.A. 406, 10 Am. St. Rep. 506. In many instances it has been held permissible to allow objects to be placed or remain in or alongside a public highway, or to operate machinery alongside the road and sufficiently removed from the traveled portions thereof, that are not strictly analogous to the case made by count F. Thrasher v. Burr, 202 Ala. 307,80 So. 372.
It may be well to say there was no error in permitting a witness to testify that he had long experience with mules in general, and was well acquainted with the mule in question, and that it "was one of ordinary gentleness." Ala. Consolidated Coal Iron Co. v. Cowden, 175 Ala. 108, 56 So. 984.
Cross-examination to test the accuracy of the statements of a witness is permissible; and to that end the witness may be asked if he had not made contradictory statements to the testimony just given. If *Page 120 
the inquiry be to a written statement or deposition, theretofore signed or given, it may be so inquired, though not permissible to introduce the writing in the first instance. However, if witness requests it, he may see the writing, though the interrogator may not introduce it in the first place. Grasselli Chemical Co. v. Davis, 166 Ala. 471, 52 So. 35; B. R., L. P. Co. v. Bush, 175 Ala. 49, 56 So. 731; Portsmouth Cotton Oil Refining Corp. v. Madrid Cotton Oil Co., 200 Ala. 634,77 So. 8.
It is unnecessary to discuss other questions raised, as the same may not be presented on another trial. Several of the assignments of error are not insisted upon, and such are not to be considered. Georgia Cotton Co. v. Lee, 196 Ala. 599,72 So. 158.
The judgment of the circuit court is reversed, and the case is remanded.
Reversed and remanded.
ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.
[1] 208 Ala. 666.