# McDade v. The State.

*Indictment for Shooting along or across Public Road.*

1. *What is a public road.*—A public road can only be established by order of the Commissioners Court, or acquired by the public by dedication or prescription; and a road which, turning out from the main road at a point where a temporary obstruction is sometimes caused by a sand-bed, runs parallel with it for a few hundred yards, and returns into it beyond the sand-bed, does not constitute a "public road" under the statute which makes it a misdemeanor to shoot along or across a public road—Code, § 4095.

From the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The indictment in this case charged that the defendant "unlawfully discharged a pistol along or across a certain public road known as the Mount Meigs road;" being found guilty and fined $10, which was not presently paid, he was sentenced to hard labor for the county for ten days, and an additional term of eight months for the costs, which were ascertained to be $213.50. "On the trial", as the bill of ex-

[McDade v. The State.]

ceptions states, "the State introduced testimony tending to prove that the defendant, within twelve months before the finding of the indictment, did shoot along or across a public road as charged in the indictment, to-wit, the Mount Meigs road, at a place or point about two miles from the city of Montgomery, and did also shoot along or across what was designated by the witness as a "turn-out road," which was travelled and used by the public in order to avoid a sand-bed which at times was formed in said Mount Meigs road, at a place or point about six miles from the city of Montgomery, and which, at such times, was a temporary obstruction or impediment to travel on said public road; that by reason of said sand-bed said 'turn-out road' was travelled for about a half mile, parallel with, and distant from said Mount Meigs road from twenty to forty yards. The defendant then introduced evidence tending to show that he did no shooting along or across said Mount Meigs road, at any point or place whatever, but that while traveling along said 'turn-out road', about six miles from Montgomery, and when at a distance of about forty yards from said Mount Meigs road, he shot off his pistol one time in an opposite direction from the road; that said 'turn-out road' ran through the lands of one Taylor, and was used temporarily by the public on account of the obstruction and inconvenience sometimes caused by the sand-bed; that the land through which said 'turn-out road' ran was inclosed by the owner soon after said shooting, and had not since been used for the purposes of travel, the travel being since continued on the Mount Meigs road. This being all the evidence in substance, the court charged the jury, that if they were satisfied from the evidence, beyond a reasonable doubt, that the defendant, within twelve months before the finding of the indictment, shot a pistol along or across the 'turn-out road' as described in the evidence, then he would be guilty"; also "that to make a short turn-out, necessitated by obstructions, a public road which would render the defendant guilty as charged, it need not be established by the Board of Revenue, nor by any other act or use, except that the public generally used and travelled it." The defendant excepted to each of these charges, and also to the refusal of several charges asked by him in writing.

A. A. WILEY, H. C. BULLOCK, and GORDON MACDONALD, for appellant, cited Elliott on Roads and Streets, pp. 2–3, note 2; *Oliver v. Loftin*, 4 Ala. 240.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted and convicted for violating section 4095 of the Penal Code, which provides that "Any person who discharges a gun, or any other kind of fire-arms, along or across a public road, must on conviction be fined,". etc. The material question is, whether the road along which defendant was travelling at the time he discharged the pistol, was a public road, within the meaning of the statute. The evidence sufficiently appears in the statement of the facts of the case.

Section 1389 of the Code declares, "No public road can be established, changed, or discontinued, except on application to the court of County Commissioners." Section 4122 of the Code provides, that to change a public road is a misdemeanor, except by order of the Commissioners Court, unless it straightens the same through inclosures, or renders it more convenient for the public. This section does not authorize any change of a public road, either to straighten it, or to render it more convenient for the public, but simply provides that, when changed for this purpose, it is not indictable.

There is no evidence to show that the "turn-out road", as it is designated in the record, and from which the pistol was fired, was established by the County Commissioners. *James v. Hendree*, 34 Ala. 490. In *Mills v. The State*, 20 Ala. 88, a public road is defined to be "a road dedicated to and kept up by the public, as contra-distinguished from private ways, which are not so kept up." In the case of *Kennedy v. Williams*, 87 N. C. 6, it is said : "A public highway is one under the control and kept up by the public, and must either be established in a regular proceeding for that purpose, or be generally used by the public for twenty years, or dedicated by the owner of the soil and accepted by the proper authorities."—9 Amer. & Eng. Encyc. of Law, p. 362, and note. In Elliott on Roads and Streets, ch. 1, pp. 2–5, and notes, it is said : "A public road, in legal contemplation, is one over which the public have a general right of passage. No matter whether established by prescription or by dedication, or under the right of eminent domain, it is a highway, if there is a general right to use it for travel. Where the statute declares what shall constitute a highway, it governs, and a way not answering to the requirements of the statute can not be rightfully regarded as a highway."

It is a general principle of law, that penal statutes must be construed strictly. The evidence shows that, at times, a sand-bed would form in the public road, causing a tempo-

[Reeves v. The State.]

rary obstruction or impediment, and while this continued the public used the "turn-out road" to avoid the sand-bed. The "turn-out" ran parallel to the public road, through the lands of one Taylor. There is no evidence that the "turn-out road" was established by the court of County Commissioners, or that it had been acquired by the public by prescription or dedication. We are of opinion that the court erred in its construction of the law, and under the evidence the defendant was entitled to the general affirmative charge in his favor.

Reversed and remanded.