[Northern Alabama Railway Co. v. Sides.]

# Northern Alabama Railway Co. *v.* Sides.

*Action against Railroad Company to recover Damages for Personal Injuries.*

1. *Duty of railroad to maintain bridge along public road that crosses its track; sufficiency of complaint in action to recover damages for failure to do so.*—It is the duty of a railroad company to exercise ordinary reasonable precautions in maintaining and keeping in repair a bridge that crosses its track along a public highway; and, therefore, in an action against a railroad company to recover damages alleged to have been sustained by reason of the defendant's failure to keep in repair a bridge along a public highway that crossed its track, a complaint which avers that the defendant negligently permitted the said bridge across its track to become and remain out of repair, in that there was a hole in it and the planks were rotten, and that by reason of said bridge being out of repair a mule, which the plaintiff was driving to a wagon, as it approached said bridge, became frightened at said bridge and jumped across it, causing plaintiff to fall from said wagon inflicting the injuries complained of, is insufficient and subject to demurrer, because it does not allege that the object that frightened the mule was calculated to frighten a horse or mule of ordinary gentleness.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

This action was brought by the appellee against the appellant, to recover damages alleged to have been sustained by the plaintiff, by reason of the failure of the defendant to keep in repair a bridge across a public highway.

· The appeal is from a judgment overruling the demurrer interposed by the defendant to the plaintiff's complaint, and this question is the only one presented for review. The facts in reference thereto are sufficiently stated in the opinion.

R. T. SIMPSON, for appellant.—The demurrer inter-
posed by the defendant to the plaintiff's complaint
should have been sustained. This being an action for
damages, not by reason of appellee or his mule having
fallen through said bridge, but because the mule became
frightened and jumped over the bridge; before the plain-
tiff could recover, the law required him to allege and
prove not only that the mule became frightened, but
that the object in the road was such an object as was
calculated to frighten a horse of ordinary gentleness.
Elliott on Roads & Streets, 449-450; *Piollett v. Simmers,*
51 Amer. Rep. 496, 106 Penn. 95; *Cleveland &c. R. Co.
v. Wynant,* 114 Ind. 525; 5 Amer. St. Rep. 644; *Agnew v.
City of Corunna,* 54 Am. Rep. 383.

COLEMAN & BANKHEAD, *contra.*—The demurrer does
not raise the question as to the duty of the railroad
company to keep the bridges in repair, where its road
bed intersects a public road. The law is well settled in
this State that a railroad company is liable for failure
to perform this duty.—*Patterson v. S. & N. Ala. R. R.
Co.,* 89 Ala. 318; *Pratt C. & I. Co. v. Davis,* 79 Ala. 308;
*Brooksville &c. Co. v. Pumphrey,* 59 Ind. 78, 26 Amer.
Rep. 76; Cooley on Torts, 76; 1 Shearman & Redfield
Negligence, § 36; *Manchester &c Asso. v. Wilcox,* 30 N.
E. Rep. 202.

HARALSON, J.—Action for damages resulting from
a failure to repair a bridge on a public highway.

There is little if any substantial difference between
the 1st and 3d and the 2d and 4th counts in the com-
plaint. The 1st and 3d charge, with but slight varia-
tion of language, simple negligence on the part of de-
fendant from which the plaintiff's injury arose, and the
2d and 4th charge negligence of a wanton, willful and
reckless character in defendant from which plaintiff re-
ceived the injuries complained of.

We need refer alone to the averments as to simple
negligence, as the question for review arises alone on a
demurrer to the complaint, there being no bill of excep-
tions in the case, and no question of wantonness and

willfulness is raised. The 1st count, from which as stated, the 3d does not materially differ, after locating the bridge across the public road, avers: "And it was then and there the duty of defendant to keep said bridge in repair, but the said defendant, then and there disregarding its said duty, did permit the said bridge to become and remain out of repair, preceding and at the aforesaid date, and the plaintiff avers that said bridge was so out of repair, in that there was a hole in said bridge; and plaintiff avers that said bridge was out of repair in this, the planks of said bridge were rotten; and plaintiff further avers that, at the aforesaid date, he was riding in a wagon drawn by a mule along said public road and across said bridge, and while approaching the said bridge to cross the same, by reason of the said bridge being out of repair as aforesaid, the said mule became frightened at said bridge, and jumped across the said bridge, causing the plaintiff to fall from the said wagon, and plaintiff's shoulder was then and there dislocated," etc.

The demurrer to the complaint was, that it "does not allege that the object at which the mule became frightened, was an object calculated to frighten a horse of ordinary gentleness."

From the averments of the complaint, and from the demurrer thereto, it must be ascertained, out of what the cause of action arose. The theory of construction out of which the demurrer grows is, that the complaint alleged that plaintiff's injury arose from the fright of the mule, as its proximate cause, whereas the construction contended for by plaintiff is, that the complaint counts on the breach of duty by defendant to keep the bridge in proper repair and its negligent act in failing to do so, as the proximate cause of the injury.

The contention of plaintiff would prevail, if the cause of action had been that the mule had fallen into the hole, or through the rotten plank, and in consequence, the plaintiff had received the injury complained of. In such case, the alleged defects would have been the proximate cause of the injury. The allegation, again, it is to be observed, is not that the alleged defects in the bridge

were of such a character, if he had come into contact with them the mule would have fallen through, and, therefore, he jumped across the bridge as a matter of necessity to save himself,—the only thing open to him or to any other animal, whether gentle or not, at the time to do; but it does aver, that "by reason of said bridge being out of repair, as aforesaid, the said mule became frightened and jumped across the said bridge, causing the plaintiff to fall from said wagon," etc. The mule may have done a very reasonable and prudent thing, such as an animal of ordinary gentleness would have done, or he may have been guilty of a very foolish act such as no horse of ordinary gentleness would have done. It is not stated, how large the hole in the bridge was, nor to what extent the decay in its planks had gone. For aught appearing, the hole may have been not larger than a cedar pencil, or the size of a common augur hole, and the decay in the planks may have been of such limited extent as not to be dangerous or frightful to animals of ordinary gentleness. If these defects were not of a character to frighten horses of ordinary gentleness, the defendant ought not to be held responsible for extraordinary care in providing against the freaks of animals of a different character. Ordinary, reasonable precautions against liability to damage on the part of the travelling public, was all that could be required of the company in maintaining the bridge.—Elliott on Roads and Streets, 448.

Mr. Elliott lays down the rule, sustained by the adjudications of many courts, to be, that "Where a horse of ordinary gentleness becomes frightened at objects calculated to frighten horses, which the corporation has negligently placed, or permitted to be placed, and remain in the highway, and injury results, without contributory negligence, the corporation will as a rule, be liable therefor. The liability extends to objects on the margin of the highway and within its limits, although they may not be within the traveled parts. The object must be of such a character, however, that it is naturally calculated to frighten horses." Here follows illustrations of such objects, unnecessary to repeat, and

the author concludes: "Whether the object is, in its nature, calculated to frighten horses of ordinary gentleness is usually, however, a question for the jury to determine from a consideration of its character, situation, the amount of travel on the highway and other like circumstances."—Elliott on Roads & Streets, 449. The adjudications on the subject may be found cited in the notes to the text. See also *Piollet v. Summers,* 106 Penn. St. 95, s. c., 51 Am. Rep. 496; *Morse v. Richmond,* 41 Vt. 435; *Foshay v. Glen Haven,* 25 Wis. 288, s. c., 3 Am. Rep. 73; *Ayer v. Norwich,* 36 Conn. 376, s. c., 12 Am. Rep. 396; *Demock v. Sheffield,* 30 Conn. 129.

Our conclusion is, that the demurrer to the complaint was well taken, and that the court erred in overruling it.

Reversed and remanded.