# Louisville & Nashville Railroad Co. v. Lee.

*Action against Railroad Company to recover Damages for Killing Horse.*

1. *Injuries to horse of traveller on public road; caused by noises of railroad train; what necessary for owner to recover.*—The right of a railroad company to operate its road includes the right to make all the noises incident to the movement and working of its engines, such as escape of steam, etc., and to

[Louisville & Nashville Railroad Co. v. Lee.]

give the proper and usual admonitions of danger by blowing of whistles and ringing of bells, etc., and a person whose horse hitched to a buggy and standing at a public crossing, and which becomes frightened at the noises or movements of the train and is injured, has no cause of action against the railroad company, unless the acts of its servants which caused the fright of the animal were wanton and malicious and done in the discharge of their business for the company; and in an action to recover damages for injuries to such horse, the burden is upon the plaintiff to show that the emission of steam or the giving of the signal was unnecessary to a skillful operation of the engine.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WILLIAM W. WILKERSON.

This action was brought by the appellee, Claiborne Lee, against the Louisville & Nashville Railroad Company to recover damages for the alleged negligent killing of plaintiff's horse. The suit was instituted in a justice of the peace court and was carried by appeal to the city court of Birmingham.

The bill of exceptions contained the following recitals as to the agreement made by the parties in the circuit court in reference to the pleadings: "It was agreed by the parties with the consent of the court before entering upon the trial, and in open court, that pleadings should be considered as filed presenting by proper averments a cause of action for injury to horse of plaintiff by reason of being frightened by escaping steam from a locomotive engine of defendant, and properly presenting as a defense thereto general issue and contributory negligence; the agreement being that these issues should be considered as properly presented as if duly filed."

It was shown that the horse in question was owned by the plaintiff and was killed, and was valued at $75. The plaintiff introduced evidence tending to show that the defendant's railroad tracks crossed Eighteenth street and that this crossing was a public crossing within the corporate limits of the city of Birmingham; that he was driving his horse in a carriage going from north to south, and as he approached Eighteenth street crossing a flagman in the employ of the defendant, who was on the south side of the crossing, stopped him on the

north side in order to let a freight train pass; that as he drove by the freight train another train came down on one of the side tracks; that this last train was within seven or ten feet of where his horse had stopped, and was being pushed down the track by the engine; that after the coaches were cut loose and the engine started in the opposite direction from which it was bringing the coaches, a volume of hot steam escaped from it, which entirely enveloped the plaintiff's horse that was standing within a few feet of the engine, and that plaintiff's horse then became very much frightened, reared back and fell, and sustained injuries from which he died; that the steam escaped from the engine just as it was in the act of changing its direction.

The defendant introduced no evidence.

The cause was tried without the intervention of a jury, and, upon the hearing of all the evidence, the court rendered judgment for the plaintiff, to the rendition of which judgment the defendant duly excepted.

The defendant appeals and assigns as error the rendition of judgment for the plaintiff.

J. M. FALKNER and W. I. GRUBB, cited *Lewin v. L. & N. R. R. Co.*, 109 Ala. 332.

J. W. BUSH, *contra.*

TYSON, J.—Unless we indulge, in this case, the presumption of wrongdoing on the part of those in charge of the locomotive and impose the burden upon the defendant of acquitting itself of the act complained of, the plaintiff should not have been allowed to recover. That no such presumption can be indulged and that the burden of proof was upon the plaintiff to show that the emission of the steam was unnecessary to a skillful operation of the engine, is distinctly held in *Stanton v. L. & N. R. R. Co.*, 91 Ala. 382. It is there said: "As the railroad corporation has the right to use its track and make the required signals at a public crossing, and all the usual noises incident to the running and moving of its trains,

it was incumbent on the plaintiff to show the 'blowing off steam' and the making of the noise complained of was unnecessary." Applying this principle to the facts of this case, there being no evidence tending in the remotest degree to show that the letting off the steam that frightened plaintiff's horse was unnecessary, the plaintiff has not discharged the burden of proof that was upon him. We cannot judicially know that the volume of steam emitted was unnecessary or that it was necessary to emit steam at all. For aught we may know, its emission was entirely and absolutely necessary to successfully give to the wheels of the engine a rotary motion backwards, such being the operation of the engine at the moment the steam complained of was emitted.

The judgment must be reversed and one will be here rendered for the defendant.

Reversed and rendered.