# Louisville & Nashville Railroad Co. *v*. Vanzant.

*Damages for Injuries Caused by Frightening Horse.*

(Decided Jan. 144, 1909.   48 South. 389.)

*Railroads; Crossing Accident; Complaint; Sufficiency.*—Where the complaint alleged that it was necessary to drive past a railroad hand-car placed near the public road at a railroad crossing by the company's servants, and that the horses became frightened at it so that the buggy wheel struck the car containing tools, dinner buckets, etc., thereby making an unusual noise and frightened the horse so that it threw plaintiff from the buggy, the action was for injuries arising from the frightening of the horse, and the complaint was defective for not alleging that the hand-car was an object calculated to frighten horses; but such complaint sufficiently alleges that the fright and the resulting injury was due to the acts of defendant's servants.

APPEAL from Calhoun Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by John W. Vansant against the Louisville & Nashville Railroad Company. From a judgment overruling demurrers to the complaint, defendant appealed. Reversed and remanded.

The complaint was as follows: "Plaintiff claims of defendant the sum of $10,000 as damages, for that, whereas, heretofore the defendant, on or about October 2, 1906, was operating a railroad for the transportation of freight and passengers for hire in Calhoun county, Alabama, and at a point where said railroad crosses the public road near Union Church, in Calhoun county, Alabama, leading · from Jacksonville to Morrowville, there was a railroad embankment about five or six feet high and about eight feet wide. Plaintiff is and was a physician, and while proceeding about his business as a physician, and driving his horse and buggy, he came to the place where said public road (which is and has

been a public road for many years) crosses said railroad, which is at grade with said public road; and plaintiff avers that defendant, through its agents, employes, and servants, whose names are unknown to plaintiff, but known to defendant, had negligently put and set a hand car or lever car in said public road, not on the railroad track, but in said public road near said railroad track. Plaintiff avers that it became necessary to pass said hand car or lever car, and in attempting to pass said hand car or lever car in said public road, which was on said fill or embankment, his horse became frightened at it, and shied thereat, so that in passing it the rear wheel of his buggy struck the car, which contained some tools and dinner buckets, and thereby made a lot of unusual noise, which frightened said horse the more. The said horse then jumped, throwing plaintiff from the buggy, inflicting many painful wounds, in this: [Here follows the catalogue of his injuries.] Plaintiff further avers that by reason of said negligence of said railroad as aforesaid he was injured as aforesaid. [Here follows a lot of special damages.]"

The following demurrers were filed to this complaint: "(1) It is not averred that said hand car or lever car was an object which is calculated to frighten horses. (2) It is not averred that plaintiff's injuries were the direct or proximate result of the negligence of defendant's employes in placing said car in said road. (3) For that it appears from said count that plaintiff's injury was the direct result of his horse becoming frightened. (4) For that it appears that the plaintiff's injuries were the direct and proximate result of his said horse jumping."

The second count was the same as the first, except that it charged gross, instead of simple, negligence. The same demurrers were assigned to it.

KNOX, ACKER & BLACKMON, for appellant. The court erred in overruling defendant's demurrers to each count of the complaint.—*Cleghorn v. W. Ry. of Ala.*, 134 Ala. 601. The court erred in sustaining demurrers to the pleas.—Authorities supra. The court erred in giving the affirmative charge for the plaintiff.—8 A. & E. Ency of Law, 423; *T. & P. R. R. Co. v. McManus*, 38 S. W. 241; *N. A. R. R. Co. v. Sides*, 122 Ala. 594; Elliott on Roads & Streets, 440; 51 Am. Rep. 496; 60 Atl. 218. On these same authorities, the court erred in refusing charges 1 to 9 requested by defendant.

WILLETT & WILLETT, for appellee. The court properly overruled the demurrers to the complaint.—*Congrene v. Smith*, 18 N. Y. 79; *Hegg v. Licht*, 80 N. Y. 579; *Rudder v. Koopman*, 116 Ala. 338; 2 Dillon Munic. Corp. Sec. 1034, and authorities there cited; *Whaley v. Wilson*, 112 Ala. 627; *Demopolis v. Webb*, 87 Ala. 569; Cooley on Torts, pp. 736-7; *R. R. Co. v. Nailor*, 2 Ohio St. 235. Under the facts in this case, the proximate causal connection between the wrongful acts charged and the injuries sustained is too clear to admit of question.—*E. T. V. & G. R. R. Co. v. Lockhart*, 79 Ala. 315; *Angle v. Simmons*, 148 Ala. 92; *L. & N. v. Quick*, 125 Ala. 553; *Armstrong v. R. R. Co.*, 123 Ala. 233; 111 U. S. 228; 60 Fed. 374; 43 U. S. App. 79; 94 Fed. 617. All the pleas presented an immaterial issue, and the court properly sustained demurrers to them.

DENSON, J.—The plaintiff claims damages from the defendant for personal injuries suffered by plaintiff, consequent upon the alleged negligence of defendant's servants in placing a hand car in a public highway near defendant's railroad track thereby causing plaintiff's horse to become frightened and to jump, throwing plaintiff from his buggy and inflicting serious personal inju-

ries upon him. The complaint is attacked by demurrer, upon the ground that it fails to aver that the car was an object calculated to frighten horses. Whether or not the complaint is subject to this demurrer depends upon what, according to its averments, constitutes the cause of action. The theory of construction out of which the demurrer grows is that the complaint alleged that plaintiff's injury arose from the fright of the horse as its proximate cause. Whereas the construction contended for by the plaintiff is that the complaint shows that the placing of the car in the highway constituted a public nuisance per se, that this was unlawful and wrongful, and the complaint counts for recovery on this wrongful act of the defendant as the proximate cause of the injury.

There can be no doubt that plaintiff's contention should be allowed to prevail, and the authorities relied on by him would be in point, if the cause of action had been that plaintiff's horse stumbled over the obstruction in the highway and thereby caused plaintiff's injuries or that the buggy came in contact with the obstruction, causing plaintiff to be thrown from the buggy, and thereby to sustain the injuries complained of. But these are not the averments. They are: "Plaintiff avers that it became necessary to pass said hand car, and in attempting to pass said hand car in said public road, which was on said fill or embankment, his horse became frightened at it, and shied thereat, so that in passing it the rear wheel of his buggy struck the hand car, which contained some tools and dinner buckets, and thereby made a lot of unusual noise, which frightened the horse more. The said horse then jumped, throwing plaintiff from the buggy, inflicting very painful wounds," etc. So far as the complaint shows, there was ample space left for plaintiff's vehicle to pass safely while the car was in the road; and if we might look to the evidence in this re-

spect we would see that the plaintiff had very recently, before the accident occurred, passed along while the car was in the road, and that it was on his return trip that the horse became frightened and caused his injury.

The case, in regard to the question under discussion, is in legal contemplation not distinguishable from that of *Northern Alabama Railway v. Sides,* 122 Ala. 594, 26 South. 116, and on the authority of that case, as well as upon the foregoing considerations, the court is of the opinion that the cause of action counted on in the complaint arose from the fright of the horse; and as we can not judicially know that the hand car was an object calculated to frighten horses, it should have been averred in the complaint. For the lack of such averment the demurrer should have been sustained.—*Northern Alabama Railway Co. v. Sides, supra*; Elliott on Roads & Streets, 448, 449; *Cleveland, etc., Co. v. Wynant,* 114 Ind. 525, 17 N. E. 118, 5 Am. St. Rep. 644, 649; *Agnew v. City of Corruna,* 55 Mich. 428, 21 N. W. 873, 54 Am. Rep. 383; *Piollet v. Simmers,* 106 Pa. 95, 51 Am. Rep. 496; *Ayer v. City of Norwich,* 39 Conn. 376, 12 Am. Rep. 396; *Pittsburg, etc., Co. v. Taylor,* 104 Pa. 306, 49 Am. Rep. 580; *Cairncross v. Village* 78 Wis. 66, 47 N. W. 13, 10 L. R. A. 473; *Card v. Cit of Ellsworth,* 65 Me. 46, 44 Atl. 127, 47 L. R. A. 752.

In view of the foregoing considerations, it is unnecessary to discuss the rulings of the court on the demurrers to the defendant's pleas or its rulings on the admissibility of evidence.

The facts averred in the complaint show, with sufficient certainty to warrant the legal conclusion, that the fright of the horse and the consequent injuries were due to the acts of defendant's servants; hence the other grounds of demurrer to the complaint were properly overruled.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, ANDERSON, and McCLELLAN. JJ., concur.