# Louisville & Nashville R, R. Co. v. Morgan.

## *Injury to Licensee.*

(Decided Jan. 20, 1910.   51 South. 827.)

1. *Railroads; Injury to Licensee; Uninclosed Platforms.*—While a railroad is not an insurer of the safety of a licensee, under the facts in this case the person using the wagon way to the platform was entitled to the protection of a railing thereon, and if the want of a railing was the proximate cause of the injury, the railroad was liable.

2. *Same; Contributory Negligence.*—The mere fact that one knows of the condition of the premises and so knowing, uses the defective way provided for him, does not render him guilty of contributory negligence.

3. *Same; Jury Question.*—Under the facts in this case, the question of negligence and of contributory negligence, was for the determination of the jury.

4. *Appeal and Error; Harmless Error; Pleading.*—Where the same defense was had under pleas to which demurrers were overruled, it was harmless error to sustain demurrers to similar pleas.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Action by John T. Morgan against the Louisville & Nashville Railroad Company, for personal injuries received while on a wagon way leading to the side of defendant's station platform. Judgment for plaintiff and defendant appeals. Affirmed.

GEORGE W. JONES, and. S. LAMAR FIELDS, for appellant.—Counsel insist that the demurrers to the count should have been sustained and cites the following cases.—*George v. M. & O.*, 109 Ala. 245; *Davis v. Western Ry.*, 107 Ala. 626; *Jones v. Ala. Min.*, 107 Ala. 400; *Bear Creek Mill Co. v. Parker*, 134 Ala. 293; *H. & B. R. R. Co. v. Donovan*, 94 Ala. 299; *Boyd v. Indian Head Mills*, 131 Ala. 356. The court erred in sustaining demurrers to defendant's pleas.—*L. & N. v. Markee*, 103 Ala. 160; *Jones' Case, supra; Lee's Case*, 92 Ala. 262; *Crawford's Case*, 89 Ala. 240. A much higher duty is owed a passenger than a mere licensee.—2 Mayf. 25 and 26. Counsel discuss the admission and exclusion of evidence, and the refusal of written charges requested, but without citation of authority.

MILLER & BONNER, for appellee.—Counts 5 and 6 were good as against demurrers interposed.—3 Ala. 23; 95 Ala. 412; 96 Ala. 435; 99 Ala. 410. The railroad invited the appellee to drive upon its platform, and it was the customary way of getting freight, and hence, there is no assumption of risk or contributory negligence in his doing so.—92 Ala. 320; 93 Ala. 356; 104 Ala. 611; 111 Ala. 337; 94 U. S. 474. The principles governing this case are declared in 77 Ala. 448. The omission of a suitable railing was negligence.—2 A. & E. Ency. of Law, 562, and constituted the proximate cause of the injury.—97 Ala. 194.

MAYFIELD, J.—The appellant is a railroad company, having a platform and warehouse at Pineapple Station, from which goods transported to that point were delivered to wagons, which were driven upon the incline of a raised wagon way erected by the side of the platform and warehouse, and, when loaded, would be

driven down a like incline to the ground. One side of this way was against the side of the depot platform, which was walled up so as to form an inner railing to the wagon way, which was five feet high, nine feet wide, and without railing on the outer side. Appellee sued appellant for damages for personal injuries received from neglect of appellant in the construction of this wagon way.

The fifth and sixth counts, on which the case was tried, alleged that appellee went with a two-mule team for freight at the depot, and that he drove up this wagon way, and after loading started to drive down the other incline to the ground along the side of the platform, when his inner mule became frightened at the cracks in the planked-up wall of the basement, serving as a railing to the platform, and shied away from the inner side of the platform, and pushed the outer mule and wagon off the track, throwing appellee to the ground, and seriously injuring him. These cracks are alleged to have been of stated dimensions, and to have been such that horses could look through them and see under the platform, and that they were calculated to frighten ordinarily gentle animals; and it is alleged that plaintiff's injuries resulted from the neglect of the defendant in leaving the cracks in the wall of the basement forming the inner railing of the platform, and in not having an outer railing thereto. These counts were demurred to, and the demurrers were overruled, and this ruling is assigned as error.

It is insisted the plaintiff below was guilty of contributory negligence in going on the platform, that the negligence complained of was not the proximate cause of the injury, and that the plaintiff's team was the proximate cause of the injury. The plaintiff alleges that his inner mule shied at the cracks, and pushed the wagon

and other mule off the platform on the outer side, where there was no railing, and that it was a negligent construction not to have an outer railing. This, we think, is sufficient.

It is argued that the shying of the inner mule was a freakish act, unlikely to occur, and that it was consequently not negligence to leave the cracks in the wall. Railings are intended for the purpose, among others, of safeguarding the way against the unusual, as well as the more ordinary and common, occurrences. While the defendant below was no insurer, and may not have been liable merely for the shying of the mule, nevertheless the plaintiff was entitled to the protection to be afforded by an outer railing under the circumstances. It was the duty of the defendant to provide such a railing, and if its absence was the proximate cause of the injury, as alleged, defendant would be liable.—*Village of Cartersville v. Cook,* 129 Ill. 152, 22 N. E. 14, 4 L. R. A. 721, 16 Am. St. Rep. 248; *Joliet v. Verley,* 35 Ill. 58, 85 Am. Dec. 342; *Gonzales v. Galveston,* 84 Tex. 3, 19 S. W. 284, 31 Am. St. Rep. 17, and notes; *Vallo v. U. S. Express Co.,* 147 Pa. St. 404, 23 Atl. 594, 14 L. R. A. 743, 30 Am. St. Rep. 741; *Gibney v. State,* 137 N. Y. 1, 33 N. E. 142, 19 L. R. A.365, 33 Am. St. Rep. 690.

We hold that there was no error in overruling the demurrers to the fifth and sixth counts, as last amended. The counts were amended, evidently, to meet the requirements laid down by this court in *Sides' Case,* 122 Ala. 594, 26 South. 116; and if subject to the demurrer, as originally filed, their infirmities were cured by the amendments, and no injury could result to defendant by the overruling of the demurrers to the original counts.

It is next insisted that the court erred in sustaining the demurrers to the special pleas interposed to the fifth

and sixth counts. These pleas, in various forms and phraseology, attempt to set up contributory negligence as the proximate cause of plaintiff's injury. The pleas of contributory negligence, as to which demurrers were sustained, were bad, and were subject to the demurrers interposed thereto. The mere fact that the defects in the way were open to ordinary observation is not sufficient. The mere knowledge of a defect is not, of itself, contributory negligence; but the fact, and the use made, of the knowledge, by the plaintiff, are circumstances to be considered on the subject. It has been repeatedly held in this state that it is not contributory negligence per se for one who knows of defects in a highway to persist in traveling over it. See cases collected in 4 Mayfield's Dig. p. 309, subd. (b) 2.

The most that any of these pleas can be said to allege is that plaintiff knew or ought to have known of the defect, and with such knowledge and notice used the defective way provided by defendant for him. This alone is not sufficient to render him guilty of contributory negligence. He was invited by the defendant to use the way or bridge in its then condition, and, moreover, so far as appears, it was then in the same condition as when originally constructed by the defendant for the use of the public, its patrons, one of whom was the plaintiff, in this particular use of the platform.

Furthermore, the assignments of error as to rulings on the demurrers are in groups, as to several pleas, some one of which was palpably bad, and also as to which practically the same defense was had, under the pleas as to which the demurrer was overruled, as could have been had under these pleas; hence it affirmatively appears that no injury was done defendant.

The question as to the negligence of defendant under each count, and the contributory negligence of

plaintiff under each plea, were properly submitted to the jury; hence there was no error in refusing the affirmative charges requested by the defendant.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.