# Rodgers *v.* Harper & Moore.

*Personal Injury on Account of Animals Becoming Frightened.*

(Decided June 1, 1910.  Rehearing granted Dec. 22, 1910. 54 South. 199.)

1. *Highways; Obstruction; Frightening Animals.*—One who places objects in a highway calculated to frighten horses of ordinary gentleness is liable to persons receiving injuries caused by the frightening of such a horse.

[Rodgers v. Harper & Moore.]

2. *Same; Jury Question.*—Whether the throwing of shavings and dust from defendant's mill into the highway was calculated to frighten a horse of ordinary gentleness was, under the evidence in this case, a question for the jury.

APPEAL from Pickens Circuit Court.

Heard before Hon. S. H. SPROTT.

Action by Josephine Rodgers against Harper & Moore, for damages for personal injuries received alleged to have been caused by the frightening of her horse by defendant's sawmill situated near the highway. Judgment for defendants and plaintiff appeals. Reversed and remanded.

CURRY & ROBINSON, and OLIVER, VERNER & RICE, for appellant. The court erred in overruling demurrers to plea 13.—*Postal T. Co. v. Hulsey,* 115 Ala. 193; *Johnson's case,* 104 Ala. 221; *Herndon's case,* 100 Ala. 457. The court erred in granting motion to exclude the testimony and in giving the affirmative charge.—*Cleghorn v. Western Ry.,* 134 Ala. 601.

HENRY A. JONES, for appellee. No brief reached the Reporter.

SIMPSON, J.—This action is by the appellant, against the appellees, for damages on account of personal injuries received by being thrown from a buggy. It is claimed that plaintiff's horse became frightened, while passing along the public road, opposite the saw and planing mill of defendants, which was situated near the public road, by the steam and shavings from said mill. The evidence shows that complaint had been made to the road supervisor in regard to the mill, and that at his suggestion the defendants had erected a plank wall at the side of the road to prevent the shavings from being thrown into the road, and also had taken off one of

[Rodgers v. Harper & Moore.]

the joints of the blowpipe, so as to keep it from blowing the shavings and dust so far. The supervisor testifies that this was satisfactory to him. Plaintiff's evidence shows that she and her daughters were driving along the said public road, and when the mill was started shavings and dust flew over the wall onto her horse, and he became frightened and ran away, throwing her out and causing the injury complained of. Plaintiff testified that the shavings and dust fell all over the horse, her children, and herself; that in striking the plank wall the shavings made a noise like a hailstorm; that the horse showed no signs of fright until the shavings came out, but that he commenced jumping when the shavings hit him; that she knew that, as soon as the timber struck the mill, the shavings would begin to come out, but did not know whether the plank wall would catch them; that the shavings went up and came down on the horse. Plaintiff's 15 year old daughter, who was driving the horse, testified that the horse was gentle, that she had driven him frequently and had no trouble with him, that he was not frightened until the shavings fell on him that she had seen shavings coming out there, before, when she was driving said horse, and also steam coming out, and he did not become frightened. Two of plaintiff's witnesses testified that their horses became frightened at that place, but each said that his horse was wild. One of plaintiff's witnesses testified that the shavings would not fly over the wall from the force of the blowpipe, but that, if the wind was blowing, fine dust and small portions of the shavings might be blown over.

It is a general principle that one placing objects within the limits of a public highway, which are calculated to frighten horses of ordinary gentleness, is liable therefor; but, in order to fix liability, it is necessary to al-

lege and prove that the object is calculated to freighten a horse of ordinary gentleness. As stated in one of the cases, "it is clear that the rule cannot apply to all horses, irrespective of disposition, for a horse might take fright at a discoloration in the road, a bush, a stone, post, leaves, or other objects, for which it would be unreasonable to charge a town with liability."—*Stone v. Langworthy*, 20 R. I. 605, 40 Atl. 833 (Column 2); Joyce on Nuisances, § 255; *Grunauer v. Westchester F. Ins. Co.*, 72 N. J. Law, 289, 62 Atl. 418, 3 L. R. A. (N. S.) 111; *Morse & Wife v. Richmond*, 41 Vt. 435, 444, 98 Am. Dec. 600; *Dimock v. Town of Suffield*, 30 Conn. 129, 134; *Card v. City of Ellsworth*, 65 Me. 547, 20 Am. Rep. 722, 728; *Piollet v. Simmers*, 106 Pa. 95, 51 Am. Rep. 496, 504, 505; *N. Ala. Ry. Co. v. Sides*, 122 Ala. 594, 26 South. 116. The same principle applies to objects so near the highway as to have the same tendency. —Elliott on Roads & Streets (2d Ed.) § 649, pp. 696, 697. At least it is said: "Certainly no higher degree of care, if as high, should be required of a person placing or leaving near the highway, on his own premises, appliances in use therein."—*Norfolk & W. R. Co. v. Gee*, 104 Va. 809, 52 S. E. 573, 3 L. R. A. (N. S.) 113.

It is not necessary to decide what, if any, would be the liability for mere noise or steam from machinery near the public road; but for throwing objects into the public road a liability would exist within the restrictions found in the foregoing authorities. It is essential to show that the object thrown is such as to frighten a horse of ordinary gentleness.

The court is of the opinion that, under the evidence in this case, it was a question for the jury to decide whether or not the object in this case was calculated to frighten a horse of ordinary gentleness. Consequently the court erred in excluding the evidence and in giving the affirmative charge for the defendants.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.