# Bellview Cemetery Co. *v.* McEvers.

### *Bill to Abate Nuisance.*

(Decided January 18, 1912. 57 South. 375.)

1. *Equity; Bill; Multifariousness.*—Under section 3095, Code 1907, a bill to enjoin both the establishment and the use of a cemetery, and the closing of the road thereby is not multifarious.

2. *Highways; Establishment by User; Pleading; Existence of.*—In an action to enjoin the closing of a highway, an averment that the road had been established and used by the public for a period of more than twenty years under a claim of right, that the persons under whom complainant claimed title, had for more than that length of time acquiesced in the use of the road, and aided in its maintenance, and that the public and complainant had acquired an easement in the land and the road by prescription, sufficiently alleged that the road was a public one.

3. *Same; Public Highway.*—A public highway is one under the control of and kept up by the public, and must have been established either by regular proceedings for that purpose, or general use by the public for twenty years, or dedicated by the owners of the soil.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by C. F. McEvers against the Bellview Cemetery Company to abate a nuisance. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

See; also, 168 Ala. 535, 53 South. 272.

The amendment as to the road is as follows: "Sec. 17. Complainant avers that said bias road has been established and used by the public for a period of more than 20 years under a claim of right, and the persons under whom respondent claims title to said land for more than 30 years before this suit, and more than 20 years before respondent obtained title to said land, acquiesced in the use of said road and aided in maintaining said road; and the public and this complainant have acquired an easement in said land, and said road has been established by prescription. Complainant further avers that the establishment of said cemetery will result in the closing of said road, that said cemetery lots are laid off thereon, and that said cemetery inclosure constitutes an obstruction in and across said road, and a public nuisance, which ought to be abated."

BLACK & DAVIS, for appellant. The bill was amended evidently to meet some of the objections pointed out to a similar bill in *Kingsberry v. Flowers,* 65 Ala. 479. In any event the bill was multifarious.—Section 3095, Code 1907, and authorities cited. Appellee is not entitled to relief because he had an adequate remedy at law. *Rosser v. Randolph,* 7 Port. 238. The bill does not show that appellee will suffer irreparable injury should relief be denied, and the facts are not sufficient to show that the cemetery, if established, would be a nuisance. —*Bellview C. Co. v. McEvers,* 168 Ala. 535, and authorities cited in appellant's brief; *Kingsberry v. Flowers, supra; McHan v. McMurray,* 55 South. 793; *Adams v. Michael,* 17 Am. Dec. 516; Wood on Nuisance, 1167 and

note; *Smith v. Martin,* 75 Ala. 510; *Arrington v. St. James Church,* 36 Ala. 546. The bill did not sufficiently allege the establishment of a road by prescription or dedication.—*Merchants v. Markham,* 54 South. 236; *Trump v. McDonald,* 120 Ala. 204; *Bellview C. Co. v. McEvers, supra;* 48 N. E. 635; 53 Pac. 403.

BLEVINS & WOODALL, for appellee. The bill sufficiently alleged that the highway had become public by user or prescription, and that the only means of ingress or egress to complainant's property was by this road, and hence, its closing will constitute such an injury as gave the bill equity.—*First Nat. Bank v. Tyson,* 32 South. 144; *Reid v. City of Birmingham,* 92 Ala. 344; *Whaley v. Wilson,* 20 South. 922; 3 Pom. 1349; Elliott on Roads & Streets, 496, et seq.; *Crommelin v. Cox,* 30 Ala. 328. Having assumed jurisdiction, the court will grant complete relief and adjust damages, which may be done by the chancellor himself from the evidence, or by reference to the register, or by submission to a jury.—*Farris v. Douglass,* 28 Ala. 124; *Stowe v. Bozeman,* 29 Ala. 307; *Kilgore v. Kilgore,* 103 Ala. 620. The bill was not multifarious.—*C. C. G. Co. v. Kling,* 121 Ala. 292; *Williams v. Cooper,* 18 South. 170; 170 Ala. 346; 111 Ala. 634; *Kelly v. Browning,* 21 South. 928; *Beck v. Ft. Payne Bank,* 22 South. 75; *Boutwell v. Vandiver,* 26 South. 222; *Gulf C. Co. v. Jones C. Co.,* 47 South. 251. The road was a public road.—*Jones v. Barker,* 50 South. 890. Counsel discuss the illegality of their contention, but in view of the opinion it is not deemed necessary to here set them out.

ANDERSON, J.—This is the second appeal on demurrer in this case (168 Ala. 535, 53 South. 272), and this one presents no question not heretofore consid-

ered, other than the last amendment to the bill of complaint, which attempts to describe the road as a public one, and not as a mere permissive way as it was held to be, under the then averments of the bill, considered in the former opinion.

A majority of the court held that the bill was not multifarious because it sought to enjoin both the establishment and use of the cemetery and the closing of the road also. Regardless of the rule as to multifariousness prior to the present Code, section 3095 of the Code of 1907 expressly declares: "A bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter or founded on the same contract or transaction, or relating to the same property between the same parties." Here the bill seeks to enjoin or prevent certain actual or threatened wrongs by the same respondent against the property of the complainant. The threatened injuries, though to be inflicted in different ways, tend to accomplish the same purpose; that is, interfere with the use and enjoyment of the complainant's home and to depreciate the value thereof. We repeat that the bill was not subject to the demurrer for multifariousness. A majority of the court held that the bill was not subject to demurrer as to the cemetery feature of same upon the theory that it made out a case of a real, as distinguished from an imaginary, nuisance; that the maintenance of the cemetery in question, under the conditions charged in the bill, would seriously impair the health and enjoyment of the complainant's premises.

We are of opinion that the last amendment of the bill sufficiently charged that the "Bias Road" was a public one, and the chancery court properly overruled the demurrers raising this question.

[Jones v. Jones.]

"A public highway is one under the control and kept by the public, and must be either established in a regular proceeding for that purpose, or generally used by the public for 20 years, or dedicated by the owner of the soil and accepted by the proper authorities."—*Lewman v. Andrews,* 129 Ala. 174, 29 South. 692; *McDade v. State,* 95 Ala. 28, 11 South. 375; *Harper v. State,* 109 Ala. 66, 19 South. 901. The last amendment avers that the road was used and controlled adversely by the public for more than 50 years.

The decree of the chancery court is affirmed.

Affirmed. All the Justices concur except DOWDELL, C. J., not sitting.