JOHN C. CHANDLER, Defendant in Error, *vs.* THE ILLINOIS
CENTRAL RAILROAD COMPANY, Plaintiff in Error.

*Opinion filed December 17, 1912.*

1. RAILROADS—*when duty of railroad company to person using
highway is merely that of ordinary land owners.* A railroad com-
pany engaged, by its section men, in repairing its tracks owes to
a person driving a team on a highway parallel to the tracks only
the duty to use ordinary care in the performance of such work,
and its liability for an injury to him, resulting from his team be-
coming frightened and running away, is to be determined by same
rules as would govern other owners of land adjoining a highway.

2. SAME—*when a railroad company is not liable for an injury
caused by team running away.* Where section men are removing
old ties and throwing them down the embankment, to be burned,
and are performing their work in the usual and customary way
and not with a reckless disregard of the rights of a person driv-
ing a team upon a near-by highway, the railroad company is not
liable for injury to such person caused by his team taking fright
and running away as a tie was thrown down the bank.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on appeal from the Circuit
Court of Macon county; the Hon. WILLIAM C. JOHNS,
Judge, presiding.

HUGH CREA, and HUGH W. HOUSUM, (JOHN G. DREN-
NAN, of counsel,) for plaintiff in error.

CHESTER ALLAN SMITH, and LEFORGEE, VAIL & MIL-
LER, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the cir-
cuit court of Macon county by John C. Chandler against
the Illinois Central Railroad Company to recover damages
for a personal injury alleged to have been sustained by him
in consequence of a team which he was driving upon a
public highway adjoining defendant's right of way becom-

ing frightened through the negligence of defendant's servants and running away and throwing him from the wagon upon which he was riding to the ground, whereby he was injured. A trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $2500, which judgment has been affirmed by the Appellate Court for the Third District, and the record has been removed into this court for further review by writ of *certiorari.*

At the close of the evidence for the plaintiff, and again at the close of all the evidence, the defendant moved the court for a directed verdict, which motion was denied, and the action of the court in denying said motion is urged as ground of reversal in this court.

The facts are not in dispute, and are, in substance, as follows: On the 4th day of May, 1909, the defendant was the owner of the right of way and double-track railroad which runs north from the city of Centralia. The tracks were laid upon an embankment from twelve to twenty feet high. The right of way was paralleled by a public highway at the place where the injury occurred, which highway was some four feet lower than the top of the embankment upon which the railroad tracks of defendant were laid and was situated some eighty feet distant from the railroad tracks. Between the highway and the railroad embankment there was a depression from twelve to twenty feet deep, and on the day plaintiff was injured section men of the defendant were taking up the ties from the west track and carrying them across the east track and throwing them down the east side of the railroad embankment, from where they rolled into the bottom of the depression between the railroad embankment and the adjoining highway and where they were to be piled and subsequently burned by the section men. In the afternoon of said day, and after some twenty or thirty ties had been thrown down the side of the embankment, the plaintiff was driving south upon said highway towards the city of Centralia. His wagon had no

box on and he was sitting upon the hounds of the wagon. As he approached the place where the section men were at work his horses took fright, (either at a dog which ran out from a house on the opposite side of the highway from the railroad or from a tie which two of the section men, just as he was passing, threw down the side of the railroad embankment,) and ran away and threw him off the wagon, and he was injured. The plaintiff was sitting with his back to the railroad and did not see the section men until after his horses became frightened, and the section men did not notice plaintiff until after his horses were on the run.

The main matter of controversy between the parties in this court is whether the undisputed facts, as above declared, show a liability in favor of the plaintiff as against the defendant.

The plaintiff testified, and he was uncontradicted, that the first sign of fright by the team was by the horse on the side next to the railroad lunging toward the left and away from the railroad and towards the dog, which was barking on the embankment above his team. We think from this testimony the jury were justified in finding the horses were frightened at the tie and not at the dog. It must therefore be assumed, in the consideration of the case in this court, that the team of plaintiff took fright at the tie which had been thrown down the embankment by the section men and not at the dog on the opposite side of the highway, and that proposition being settled in favor of the plaintiff, the question to be determined is narrowed to this: Do the facts that the tie was thrown down the embankment by the servants of the defendant and that the team of plaintiff was frightened thereby and ran away and plaintiff was injured, create a liability against the defendant? We are disposed to answer that question in the negative, and to hold that those facts, although undisputed, do not establish a liability against the defendant. The defendant's section men were upon its own right of way. In

order that the railroad of the defendant might be kept in repair it was necessary that the old ties, when decayed, should be removed and destroyed and new ones laid in their stead, and the evidence shows the work of removal was being performed by the section men in the usual and customary manner, and not in a manner inconsistent with the proper repair of the railroad or in a manner to frighten an ordinary team on the highway. The work of removing and disposing of the ties had continued throughout the day and numerous teams had passed upon the adjoining highway, and the plaintiff's team was the first one to become frightened from the manner in which the ties were being handled by the section men. In determining the liability of the defendant to the plaintiff, the defendant must be treated, we think, not as a common carrier but as an ordinary individual owner of land, and be subjected to no greater degree of care or higher liability than would be a private owner of real estate abutting upon a public highway, under the same circumstances. (*Davis* v. *Pennsylvania Railroad Co.* 218 Pa. 463; 12 L. R. A. [N. S.] 1152.) There is no statute in this State affecting the liability of the defendant, and, like any other owner of real estate similarly situated, the only duty it owed the plaintiff was to use ordinary care in the use of its property and so as not to injure him.

It is generally held that a railroad company may run its trains upon its tracks beside adjoining highways and that it will not be liable to a traveler upon an adjoining highway by reason of giving statutory signals, such as the ringing of a bell or the sounding of a whistle, or for emitting steam or smoke or creating a noise in operating its trains, unless they are unreasonable in character or given or made at such times or under such circumstances as to amount to a willful disregard of the rights of persons who are traveling upon an adjoining highway. (Elliott on Railroads, sec. 1264.) In this case there is no evidence found in the

record which tends to show that the defendant violated the rights of the plaintiff. The business in which the section men of the defendant were engaged was being done in the usual and ordinary manner, and if the plaintiff sustained injury therefrom, it must be held, we think, to be *damnum absque injuria.*

In the *Davis case, supra,* the defendant was re-building its freight house. It had piled certain freight upon its own premises but near the public highway, and to protect the same from the weather covered it with a piece of old tin roofing, placing the painted side down and the bright side up. The next morning the plaintiff drove by on the highway, when his horse became frightened from the sun's reflection from the tin and ran away and injured him. The court held that the freight was properly placed upon the defendant's premises; that it owed the defendant no duty except that as an abutting property owner it would not so recklessly or wantonly make use of its property as to interfere with his right to use the adjoining highway; that it had the right to cover the freight with the tin roofing which it used for that purpose, and that in so doing it had not so used its property as to make it liable to the plaintiff, although it was conceded that his horse had been frightened in consequence of the use of the tin roofing by the defendant.

In *Cook* v. *Rice Lake Milling and Power Co.* 146 Wis. 535, (32 L. R. A. [N. S.] 1225,) the defendant was operating a steam engine upon its premises near a bridge situated upon a public highway. The plaintiff's horse, while crossing the bridge, was frightened, ran away and plaintiff was injured. It was held that a party who uses a steam engine upon his own premises is not liable to a traveler upon an adjoining highway who is injured by reason of his horse becoming frightened at the smoke from the engine and running away, unless he recklessly frightens the horse. The court approved the doctrine announced in the *Davis*

*case, supra,* and quoted with approval as follows from the opinion: "An owner of real estate has the right to use his property for every lawful purpose for which he may desire to use it, and is only required to exercise ordinary care in that case in order to relieve him from liability and damages on account of injuries incidentally resulting to a traveler on the highway."

The acts of the section men complained of were lawful, and the defendant was not liable to the plaintiff unless the servants of the defendant recklessly frightened his team.

The judgments of the Appellate and circuit courts will be reversed and the cause remanded.

*Reversed and remanded.*