(80 South. 372)

THRASHER v. BURR et al. (8 Div. 124.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. HIGHWAYS ⬤79(2, 3) — PUBLIC HIGHWAYS—USE.

A highway may be public, though little traveled, whether established by due proceedings for that purpose or by a dedication on the part of the owners of the soil, or by a general user as a public thoroughfare for 20 years or more.

2. NEGLIGENCE ⬤35—INJURIES BY FRIGHTENED ANIMALS—OBJECTS NEAR HIGHWAY.

Where plaintiff was injured by being thrown from a wagon because his mules were frightened by defendant's hydraulic pump operating close to the highway, there was no liability; the pump being a standard device, performing a useful domestic function in the ordinary and approved way upon defendant's lands.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by Luther Thrasher, as administrator, against Seneca Burr and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Eyster & Eyster, of Albany, for appellant. E. W. Godbey, of Decatur, for appellees.

THOMAS, J. The suit was for personal injury to plaintiff's intestate, who was precipitated from a wagon in which he rode.

The evidence for plaintiff was that, returning by way of the "Trinity and Moulton Road" leading across the Davis place by the hydraulic pump of defendant, the mules drawing the wagon in which intestate rode, coming within about 10 feet of the pump in operation, ran away, throwing intestate from the wagon and injuring him. The cause for their fright was variously described by the witnesses; as, the pump was making a "popping noise and because of its location, or the fact that it could not be located readily by one traveling along the road, * * * calculated to frighten horses or mules of ordinary gentleness" and road trusworthiness such as were the mules being driven by witness, an experienced driver using due care in driving his team at the time. Witness' further account of the cause of fright of his animals was:

"The pump, because of its location and surroundings, could not have been seen by the mules until they were in about 8 or 10 feet of the pump, and they were in 8 or 10 feet of the pump when they took fright at the pump, its operation, or the noise from it or coming suddenly upon it. * * *" And of the locus in quo of the injury that (opposite the pump) the road was very narrow and on the west side thereof was a deep ravine. When frightened, the mules got out of the road, the wagon was tilted in the ditch, and threw plaintiff's intestate therefrom.

The testimony for defendant showed that he installed and was operating an automatic device for pumping water from a brook for domestic purposes, on his own land and not in the public road. On the occasion of the injury, the hydraulic ram was automatically being propelled without any motor or motive force except the regular pressure of the flowing water from a high level, with its usual stroke and with no "unusual noise or display or manipulation whatever," and no more frightful to such animals on the highway than like or similar devices in use elsewhere for such purposes. Otherwise stated, that the hydraulic ram in question was a device installed and operated on defendant owner's land, of standard size, shape, and

operating in the usual way, without exhibit of unusual sight or emission of peculiar noise, and had, for several months, been performing a not unusual domestic function, without occasioning any fright to animals traversing said roadway.

[1] It is unnecessary to discuss how the roadway in question became a public thoroughfare; the evidence warranted respective counsel in treating it as such. We may observe, in passing, that a highway may be public, though little traveled (Dunn v. Gunn, 149 Ala. 583, 42 South. 686), whether established by due proceedings for that purpose or by a dedication on the part of the owners of the soil, or by a general user as a public thoroughfare for twenty years or more (Bellview Cemetery Co. v. McElvers, 174 Ala. 457, 461, 57 South. 375; Lewman & Co. v. Andrews, Adm'r, 129 Ala. 170, 174, 29 South. 692; Harper v. State, 109 Ala. 66, 19 South. 901; McDade v. State, 95 Ala.28, 11 South. 375; City v. Graham, ante, p. 202, 79 South. 574).

There is a recognized distinction between the liability for placing objects in or alongside the roadway. In many instances it has been held permissible to place or to permit objects to be and remain on the side of the road and outside of the traveled part thereof, which, if placed or permitted to remain on the traveled way, would constitute an obstruction. For example, materials to be used in the erection of fences, buildings, telephone lines, etc. East Tenn. Tel. Co. v. Parsons, 154 Ky. 801, 159 S. W. 584, 47 L. R. A. (N. S.) 1021, 1023, 1024; Chandler v. Ill. Cent. R. R. Co., 256 Ill. 259, 100 N. E. 152, 43 L. R. A. (N. S.) 113. Our court has discused the liability of one who places objects in a public highway, or permits defects therein calculated to frighten horses or mules of ordinary gentleness. Rodgers v. Harper & Moore, 170 Ala. 647, 649, 650, 54 South. 199; L. & N. R. R. Co. v. Morgan, 165 Ala. 418, 51 South. 827; L. & N. R. R. Co. v. Vanzant, 158 Ala. 527, 530, 48 South. 389; Northern Alabama Ry. Co. v. Sides, 122 Ala. 594, 26 South. 116.

In the Rodgers Case, supra, the suit was for damages for personal injuries received by frightening plaintiff's horse by defendant's sawmill situated near the highway; the proximate cause alleged being, however, the blowing or permitting to blow, while the mill was in operation, shavings and dust upon and against plaintiff's horse as they proceeded on the highway. The decision rested on the fact that the objects causing fright were precipitated into the highway, and it was held to become a jury question whether the throwing of the shavings and dust from defendant's mill into the highway was calculated to frighten a horse of ordinary gentleness.

[2] In the case at bar, the operation was of a standard device, performing a useful domestic function in the ordinary and approved way, upon defendant's lands near the highway. The principle underlying Stanton v. L. & N. R. R. Co., 91 Ala. 382, 386, 8 South. 798, L. & N. R. R. Co. v. Lee, 136 Ala. 182, 33 South. 897, 96 Am. St. Rep. 24, and the line of cases to the effect that a railroad company has the right to operate its road, including the right to make the noises incident to the movement and working of its engines, as in the escape of steam, the rattling of cars, and to sound (unless wantonly or maliciously done) the usual admonitions or warnings without giving cause of action to those whose horses on the highway are frightened thereby, has application to the operation of defendant's hydraulic ram at the time of the injury in question. L. & N. R. R. Co. v. Jenkins, 196 Ala. 136, 145, 72 South. 68; Ala. Con. C. & I. Co. v. Cowden, 175 Ala. 108, 115, 56 South. 984; N. C. & St. L. Ry. Co. v. Garth, 179 Ala. 162, 170, 59 South. 640, 46 L. R. A. (N. S.) 430; So. Ry. Co. v. Crawford, 164 Ala. 178, 185, 51 South. 340; Boan v. W. T. Smith L. Co., 184 Ala. 535, 63 South. 564.

No actionable negligence being shown in the maintenance or operation of the hydraulic ram, the affirmative charge was properly given at defendant's request in writing.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.