142 So. 684

## OWENS v. STATE.

7 Div. 908.

Court of Appeals of Alabama.

June 14, 1932.

McCord & McCord, of Gadsden, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

142 So. 683

## SHARP v. STATE.

8 Div. 573.

Court of Appeals of Alabama.

June 14, 1932.

J. N. Powell, of Hartselle, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

No briefs reached the Reporter.

SAMFORD, J.

The prosecution in this case was brought under section 1397 (145) of the Code of 1928.

The only controverted fact was whether the road in question had become public, by prescription; i. e., had it been used by the public as a road, openly, notoriously, and adversely, for a period of twenty years prior to the date of its obstruction by the defendant. If the road had been used continuously and without objection for twenty years prior to its obstruction by this defendant, it was a public road within the meaning of the statute above cited. Card v. Cunningham, 199 Ala. 222, 74 So. 335; Central of Georgia Ry. Co. v. Faulkner, 217 Ala. 82, 114 So. 686.

There were many objections and exceptions made and reserved during the taking of testimony. The rulings of the court in this regard were either free from error or were harmless to defendant.

The judgment is affirmed.

Affirmed.

RICE, J.

Appellant was convicted of the offense of carrying a pistol concealed about his person. Code 1923, § 3485.

Assuming, though we do not so decide, that the action of the court in sustaining the state's demurrers to his plea of former jeopardy is shown in such a way that it is presented for our consideration, it is apparent that such action was proper.

The theory of this plea was that appellant could not be convicted in this case because he had upon a former trial been convicted of the offense of assault with a weapon, wherein the "weapon" involved was the "pistol," the concealed carrying of which was the basis of the present prosecution.

Such a plea has already been held by the Supreme Court to be insufficient. Brown v. State, 141 Ala. 80, 37 So. 408.

We discover, nowhere, prejudicial error, and the judgment of conviction is affirmed.

Affirmed.