185 So. 768

**BEVERLY v. STATE.**

2 Div. 657.

Court of Appeals of Alabama.

Feb. 21, 1939.

452

S. W. Compton, of Linden, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

SAMFORD, Judge.

The indictment returned by the Grand Jury charged the defendant with obstructing a certain public road. The case was tried by the Judge without a Jury, and, therefore, his findings on the evidence must be given the same consideration as the verdict of a Jury with all of the presumptions in favor of his findings.

The road charged to have been obstructed was not a part of the regular public road system of the State. It had not been surveyed and established either by the State authorities or by the Court of County Commissioners, but the contention is that it had been in constant use by the public for more than twenty years, and therefore it had become dedicated to the public by prescription. If the road had become established either by regular or by general use by the public for more than twenty years, it was such a dedication as to constitute it a public road within the meaning of the law. Z. Cross v. State, 147 Ala. 125, 41 So. 875; Bellview Cemetery Co. v. McEvers, 174 Ala. 457, 57 So. 375; Jackson v. Bohlin, 16 Ala.App. 105, 75 So. 697.

It is not controverted that the road in question had been in existence, and in general use, for some forty or fifty years. The controverted question was as to whether or not its use by the public was under a claim of right, and not by mere permission of the owners, and without interruption or substantial change for a period of twenty years or more. If, such were the facts, then there can be no doubt that the defendant was guilty as charged in the indictment.

It is well settled in this State that when the character of a road depends upon prescription, if the use of the road by the public is, within the twenty years essential to create the prescription, interrupted or broken by an act of the owner of the land over which the road runs, manifesting an intention on his part to withdraw the land covered by the road from use by the public, and of such a nature as to give the public notice that such was the intention, the right of prescription fails. It must be twenty years of uninterrupted use by the public to complete the period of prescription. After which time the character of the road, as a public road, is established, and to obstruct it in such way as to interfere with the rights of the public becomes a violation of the law. Whaley v. Wilson, 120 Ala. 502, 24 So. 855; Sharp v. State, 25 Ala.App. 173, 142 So. 683.

The evidence on this question was in conflict. The Judge trying the case, having the witnesses before him and observing their manner and testimony, found that the road was public, and adjudged the defendant guilty.

We have carefully considered the authorities cited in the Brief of appellant's council, but we see no escape from the conclusion as above indicated.

[7] It is urged that the judgment of the Court does not conform to the requirements of a judgment; in that, it states that the defendant "is guilty of Obstructing Road." This statement follows another statement in the judgment which says: "It is the judgment of the court that the defendant is guilty as charged in the indictment." The omission of the word "public" in the latter part of the judgment will by reference to the indictment in the first part of the judgment be supplied.

We find no error in the record, and the judgment is affirmed.

Affirmed.